NOT DESIGNATED FOR PUBLICATION

No. 112,751

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF SHAWNEE, KANSAS,
*Appellee*,

v.

JONATHAN CLARK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES FRANKLIN DAVIS, judge. Opinion filed October 30, 2015. Affirmed.

*Jonathan Clark*, appellant pro se.

*Karen L. Torline*, of City of Shawnee, for appellee.

Before LEBEN, P.J., GREEN, J., and JEFFREY E. GOERING, District Judge, assigned.

*Per Curiam*: Jonathan Clark was convicted in Shawnee Municipal Court of unlawful possession of a firearm and driving with an unsecured load on the roadway. On appeal to the district court, the City moved to dismiss the firearm charge but Clark was convicted of the unsecured load charge. Clark raises four issues on his direct appeal: (1) whether the district court properly interpreted the Shawnee Municipal Code 10.04.179, (2) whether the Shawnee Municipal Code 10.04.179 is constitutional, (3) whether sufficient evidence existed to find Clark guilty of the unsecured load charge, and (4) whether the district court erred in denying Clark's motions. Finding no merit in these contentions, we affirm.

1

On December 2, 2013, Officer Nathan Karlin saw a white Chevrolet truck pulling a tandem axle trailer loaded with unsecured wooden pallets within the city limits of Shawnee, Kansas. Officer Karlin noticed that the wooden pallets were not tied down or secured to the trailer in any way. He also noticed that some of the pallets were stacked higher than the side rails of the trailer. The trailer also did not have an end gate. Officer Karlin believed that there was nothing preventing the pallets from "simply falling over the side rail or sliding off the back of the trailer onto the highway and causing an accident."

Around the time that Officer Karlin turned on his lights, Clark was already pulling over to the shoulder of the road. Clark then got out of his truck to get some straps from the bed of the truck. When Officer Karlin told Clark why he had pulled him over, Clark admitted that he had forgotten to strap down the load of wooden pallets. Officer Karlin gave Clark a ticket for having an unsecured load, illegal possession of a firearm, and having an untagged trailer. The only remaining charge is the unsecured load charge which is in violation of Shawnee Municipal Code 10.04.179.

Clark filed numerous motions before the district court including a motion to dismiss, a motion to suppress, and a motion for release of property, to name a few. At some point, the City verbally moved to dismiss the weapons charge. After learning that the weapons charge had been dismissed, the district court judge asked Clark which motions remained. Clark replied, "We should just have three remaining motions, all complaints." Clark then corrected himself and stated, "I guess it would just be on the remaining for the spilling on the highway." The district court then heard evidence regarding the unsecured load. The district court ultimately found Clark guilty of violating Shawnee Municipal Code 10.04.179 for having an unsecured load.

*Did the District Court Properly Interpret Shawnee Municipal Code 10.04.179?*

Clark argues that the district court incorrectly interpreted the Shawnee Municipal Code (Code) because the interpretation of the judge "allows for subjective determination by those alleging a violation, including the determination of 'securely fastened' and 'hazard to other users.'"

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meaning. *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095 (2014). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind the clear language, and it should refrain from reading something into the statute that is not readily found in its words. *State v. Brooks*, 298 Kan. 672, 685, 317 P.3d 54 (2014).

In this case, Clark was charged with violating Shawnee Municipal Code 10.04.179, which states as follows:

"10.04.179 Spilling Loads on Highways Prohibited:

"A. No vehicle shall be driven or moved on any highway unless such vehicle is so constructed or loaded as to prevent any of its load from dropping, sifting, leaking or otherwise escaping therefrom, except that:

"(1) This Section shall not prohibit necessary spreading of any substance in highway maintenance or construction operations; and

"(2) Subsections A and C shall not apply to trailers or semitrailers when hauling livestock if such trailers or semitrailers are properly equipped with a cleanout trap and such trap is operated in a closed position unless material is intentionally

3

spilled when the trap is in a closed position. Paragraph (2) shall not apply to trailers or semitrailers used for hauling livestock when livestock are not being hauled in such trailers or semitrailers.

"B. All trailers or semitrailers used for hauling livestock shall be cleaned out periodically.

"C. No person shall operate on any highway any vehicle with any load unless such load and any covering thereon is securely fastened so as to prevent the covering or load from becoming loose, detached or in any manner a hazard to other users of the highway."

Shawnee Municipal Code 10.04.179 directly mirrors K.S.A. 8-1906.

Here, Clark argues that the district court incorrectly interpreted the Code because the Code allows for a subjective determination, which could be unfairly applied. Specifically, Clark maintains that the district court's interpretation of the statute allows a conviction based on a mere possibility that something could happen or a mere hunch or speculation that something might happen.

Clark's speculation argument is misplaced. As stated earlier, when the statute is plain and unambiguous, the court should not speculate as to its intent or meaning. Here, the language used in Shawnee Municipal Code 10.04.179 is clear. The Code requires that any vehicle carrying a load must have the load "*securely fastened* so as to *prevent* the covering or load from becoming loose, detached or in any manner a hazard to other users of the highway." (Emphasis added.)

Clark argues that he should not be convicted of having an unsecured load because his load never fell off his truck; thus, it was secured. Nevertheless, there was evidence to show that the load was not securely fastened in any way, and therefore, there was nothing preventing the load from spilling out on the highway.

4

Shawnee Municipal Code 10.04.179 clearly requires that any vehicle carrying a load must have a securely fastened load that prevents the load from falling out. As a result, we determine that the district court properly interpreted the Shawnee Municipal Code and correctly found that Clark was in violation of 10.04.179.

*Is Shawnee Municipal Code 10.04.179 Constitutional?*

Next, Clark argues that the Code is unconstitutional because it is vague "concerning what constitutes 'securely fastened' and 'hazard to other users.'" Clark contends that by using the phrases "securely fastened" and "hazard to other users" the Code creates the possibility of a statutory interpretation that would allow someone to be charged with something based only upon the subjective opinion or hunch of an officer.

Whether a statute is constitutional is a question of law subject to unlimited review. *State v. McCaslin,* 291 Kan. 697, 730, 245 P.3d 1030 (2011). Appellate courts presume that statutes are constitutional and resolve all doubts in favor of passing constitutional muster. If there is any reasonable way to construe a statute as constitutionally valid, this court has both the authority and duty to engage in such a construction. *State v. Seward,* 296 Kan. 979, 981, 297 P.3d 272 (2013).

A statute is unconstitutionally vague if it fails to give adequate warning of the proscribed conduct. For example, if it "'fails to provide a person of ordinary intelligence fair notice of what is prohibited.'" *State v. McCune,* 299 Kan. 1216, 1235, 330 P.3d 1107 (2014) (quoting *United States v. Williams,* 553 U.S. 285, 304, 128 S. Ct. 1830, 170 L. Ed. 2d 650 [2008]). A statute is also unconstitutionally vague if it fails to protect against arbitrary enforcement. *Steffes v. City of Lawrence,* 284 Kan. 380, 389, 160 P.3d 843 (2007). A violation of either one of these requirements is grounds for invalidating a statute. *City of Lincoln Center v. Farmway Co-Op, Inc.,* 298 Kan. 540, 545, 316 P.3d 707 (2013).

Therefore, the two-step test used to determine whether a criminal statute is so vague as to be unconstitutional involves the following analysis: (1) whether the statute gives fair warning to those potentially subject to it, and (2) whether it adequately guards against arbitrary and unreasonable enforcement. *City of Wichita v. Wallace,* 246 Kan. 253, 259, 788 P.2d 270 (1990). "At its heart the test for vagueness is a commonsense determination of fundamental fairness." *State v. Kirby,* 222 Kan. 1, 4, 563 P.2d 408 (1977).

Here, it is clear that the Code is facially constitutional. The Code gives fair warning to individuals that they must securely fasten their load so that there is no potential for it to come loose which could create a hazard for other drivers. Moreover, it is difficult to succeed on a challenge that a statute is facially unconstitutional. *State v. Bollinger*, 302 Kan. ___, 352 P.3d 1003, 1010 (2015); see *Farmway*, 298 Kan. at 548 (citing *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450-51, 128 S. Ct. 1184, 170 L. Ed. 2d 151 [2008]).

Next, we will look to whether the statute was unconstitutional as applied to Clark. Clark argues that the statutory phrases "securely fastened" and "hazard to other users" are so ambiguous and vague that they allow a person to be subject to stops and fines based only on the subjective opinion or hunch of the accusing officer. Clark further argues that the Code is unconstitutional because it allows charges to be based solely on a mere possibility that it could become a hazard to other users.

Applying the Code language to Clark and the specific facts of this case, we determine that the proscribed conduct is not unconstitutionally vague or ambiguous. A reasonable interpretation of the statutory phrases "securely fastened" and "hazard to other users" implies that the load is fastened down in some fashion so that there is no potential for it to come loose and fall out. As a result, we determine that the Code is sufficiently clear as to inform Clark that transporting a load that is not secured in any way would

6

constitute a violation, and the resulting prosecution did not constitute an arbitrary and discriminatory enforcement of the Code against him.

*Was There Sufficient Evidence to Find Clark Guilty?*

Next, Clark argues that there was insufficient evidence to find him guilty of having an unsecured load.

When the sufficiency of the evidence is challenged in a criminal case, this court reviews all the evidence in the light most favorable to the prosecution and must be convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014).

In determining whether there is sufficient evidence to support a conviction, an appellate court generally will not reweigh the evidence or the credibility of witnesses. *Williams*, 299 Kan. at 525. It is only in rare cases where the testimony is so incredible that no reasonable factfinder could find guilt beyond a reasonable doubt that a guilty verdict will be reversed. See *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983).

In this case, the evidence clearly shows that Clark's load was not secured. First, Officer Karlin testified that the load was not strapped down or secured in any way. Second, Clark was already pulling over to the side of the road when Officer Karlin initiated the stop because he knew he had not secured his load. Clark even went to get straps out of his truck to secure the load once he pulled over. Based on this evidence, it is readily apparent that there was sufficient evidence to convict Clark for violating Shawnee Municipal Code 10.04.179 for having an unsecured load.

*Did the District Court Err in Denying Clark's Motions?*

Finally, Clark argues that the district court erred in denying some of his motions as moot. Clark maintains that his motion to suppress should not have been denied as moot because the State failed to prove the lawfulness of the search and seizure. He also argues that his motion to dismiss should not have been denied as moot.

There was one hearing held in this case on August 19, 2014. At the hearing, the district court judge noted that Clark had filed numerous motions and asked Clark which motions remained after some of the charges were dropped. The following exchange occurred:

"THE COURT: Mr. Clark, you tell me what you think is still—

"MR. CLARK: We should just have three remaining motions, all complaints.

"THE COURT: They are as follows.

"MR. CLARK: It would be—

"[THE STATE]: Judge, that is document 23.

"THE COURT: Motion to Dismiss all Complaints?

"MR. CLARK: I guess it would just be on the remaining for the spilling on the highway."

Following this exchange, the State presented evidence on the unsecured load charge. Clark did not present any evidence but argued that he believed his load was secure for the speed he was going. After hearing the arguments and reviewing the evidence, the district court found Clark guilty of an unsecured load. After finding Clark guilty, the district court judge stated: "Everything else is gone from this case, so we'll

8

proceed with sentencing." At no point did Clark object to this statement or inform the court that he still had other motions he wished to argue. Nevertheless, on appeal, Clark argues that the district court incorrectly held that his remaining motions were withdrawn or moot.

We determine that Clark neglected to preserve the motion to suppress for appeal. Clark failed to inform the district court that there were other pending motions that he wished to address, and therefore he cannot argue those motions for the first time before this court. Issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Moreover, a party may not invite error and then complain of the error on appeal. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). Here, the district court specifically asked Clark which motions were still pending. Clark failed to mention the motion to suppress; therefore, he cannot argue it now for the first time.

Affirmed.