NOT DESIGNATED FOR PUBLICATION

No. 107,939

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARNELL LAMONT TYREE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; EVELYN Z. WILSON, judge. Opinion filed March 4, 2016. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin* and *Kyle Edelman*, assistant district attorneys, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., LEBEN and POWELL, JJ.

*Per Curiam:* A jury found Tyree guilty of aggravated robbery and aggravated battery. He now appeals his convictions, arguing (1) aggravated robbery is an alternative means crime and because there was no evidence to support the robbery being accomplished by force, Tyree's conviction of aggravated robbery must be overturned; and (2) there was not sufficient evidence to support his convictions of aggravated battery and aggravated robbery. We disagree and affirm.

1

On January 11, 2008, Robert Lewis and his girlfriend Felicia Hinkle went to a Topeka bar to play in a poker tournament. Lewis and Hinkle heavily drank alcohol while at the bar. Lewis won approximately $1,500 playing poker and was vocal about his winnings to the other patrons at the bar. Before leaving, he gave approximately $1,000 to Hinkle. Lewis and Hinkle left the bar separately; Lewis went to a friend's house and stayed there for 20-30 minutes.

Sometime after 2 a.m. the next day, Lewis and Hinkle returned to their Topeka residence in separate vehicles. At about the same time a dark-colored SUV pulled up outside of the residence, and Darnell Tyree, whom Lewis knew, got out and approached Lewis. Three other individuals remained in the SUV. While Lewis and Tyree were speaking, Hinkle took Lewis' house keys and entered the house with a group of her friends through the back door.

Tyree asked Lewis if he had a gun on him; Lewis replied he did not. Tyree then drew a pistol and asked Lewis for the money he had won. Lewis handed Tyree the money he had on his person, prompting Tyree to ask for Lewis' jacket, which Lewis handed over. At trial, Lewis testified that he would not have given Tyree the money had Tyree not pointed a gun at him and that he was scared he was going to be shot.

Tyree told Lewis he knew Lewis had more money and started walking towards Lewis' residence. In an effort to draw Tyree away from the house, Lewis began to run in the opposite direction. He testified that he heard a gunshot almost immediately after starting to run and felt his right side go limp.

Hinkle testified she witnessed Tyree and Lewis talking on the street through a house window as she passed by on her way to her room. After she passed the window,

she heard a gunshot. Hinkle returned to the window and saw Tyree get into the SUV, which then drove off without its headlights on.

At 2:39 a.m., Topeka Police Officers Chris Bowers and Scott McEntire received a call from dispatch regarding a shooting in the 1700 block of Southeast 6th Street. As the officers arrived on the scene, they saw Lewis attempting to flag them down. The officers noticed Lewis was bleeding from his back from a wound that appeared consistent with a gunshot wound. Lewis also appeared to be in shock, and the officers began to administer first aid. As the officers administered aid, Lewis told the officers that Tyree robbed and shot him.

Lewis was transported to the hospital where Officer Ronnie Connell spoke with Lewis in the emergency room. Connell testified that Lewis informed him that Tyree had robbed him and shot him in the back. Detective Karim Hazim attempted to get a full statement from Lewis, but Hazim was unsuccessful because Lewis was on medication. However, when Hazim asked if Tyree had shot Lewis, Lewis nodded his head up and down, which Hazim perceived to be an affirmative answer.

After Lewis was released from the hospital, Hazim interviewed Lewis at his mother's house. During this interview, Lewis told Hazim that he felt threatened by Tyree. Lewis then told Hazim that Tyree robbed him and he believed Tyree shot him as he ran away. Lewis initialed and dated a photo of Tyree. Next to this he wrote: "He shot me."

Tyree was charged with aggravated robbery pursuant to K.S.A. 21-3427, a severity level 3 person felony; aggravated battery pursuant to K.S.A. 21-3414(a)(1)(B) (intentional bodily harm with a deadly weapon), a severity level 7 person felony; and criminal possession of a firearm pursuant to K.S.A. 21-4204(a)(4)(B), a severity level 8 nonperson felony. The State dismissed the charge of criminal possession of a firearm at trial.

3

After a mistrial, the jury convicted Tyree in the second trial of aggravated robbery and aggravated battery as charged. The district court sentenced him to 246 months' imprisonment with 36 months' postrelease supervision.

Tyree timely appeals.

## DOES THE LANGUAGE "BY FORCE OR THREAT OF BODILY HARM" INCORPORATED BY REFERENCE IN K.S.A. 21-3427 RAISE AN ALTERNATIVE MEANS ISSUE?

Tyree first contends the phrase "threat of bodily harm to Robert Lewis or force" as stated in the jury instructions establishes two alternative means of committing the crime of aggravated robbery. He also argues that because the State presented insufficient evidence to establish he took property from Lewis by force, his conviction for aggravated robbery must be reversed due to a lack of evidence to support the alternative means of committing aggravated robbery by force. As this question requires our interpretation and application of the aggravated robbery statute, our standard of review is unlimited. See *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014).

Juries in criminal cases must reach a unanimous verdict. K.S.A. 22-3421. "When the jury is presented with alternative means by which the crime charged can be committed, it is possible for some jurors to arrive at one alternative means to support a conviction and other jurors to settle on another alternative means." *State v. Edwards*, 48 Kan. App. 2d 383, 400, 290 P.3d 661 (2012), *aff'd* 299 Kan. 1088, 327 P.3d 469 (2014). "'[W]here a single offense may be committed in more than one way, there must be jury unanimity as to *guilt* for the single crime charged. Unanimity is not required, however, as to the *means* by which the crime was committed so long as substantial evidence supports each alternative means.'" *State v. Timley*, 255 Kan. 286, 289, 875 P.2d 242 (1994) (quoting *State v. Kitchen*, 110 Wash. 2d 403, 410, 756 P.2d 105 [1988]). Reversal of the

4

conviction is required if there is inadequate evidence to support a particular means for committing the crime of conviction. See *State v. Wright*, 290 Kan. 194, 203, 224 P.3d 1159 (2010), *disapproved on other grounds by State v. Brooks*, 298 Kan. 672, 683-84, 317 P.3d 54 (2014).

Therefore, our first task is to determine whether the aggravated robbery statute truly presents alternative means by which the crime can be committed. If aggravated robbery is not an alternative means crime, then jury unanimity is not at issue and an alternative means analysis is inapplicable.

K.S.A. 21-3427 defines aggravated robbery as "a robbery, as defined in K.S.A. 21-3426 and amendments thereto, committed by a person who is armed with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery." Robbery is defined in K.S.A. 21-3426 as "the taking of property from the person or presence of another by force or by threat of bodily harm to any person."

In support of his argument that "by force or by threat of bodily harm" implicates an alternative means analysis, Tyree relies on *State v. Reed*, 45 Kan. App. 2d 372, 385, 247 P.3d 1074, *rev. denied* 292 Kan. 968 (2011), which held this language raises an alternative means issue. Tyree's reliance on *Reed* is misplaced, however, because it predates this court's alternative means analysis since the Kansas Supreme Court decided *State v. Brown*, 295 Kan. 181, 284 P.3d 977 (2012). In *Brown*, our Supreme Court held that statutory language describing "options within a means" or the "factual circumstance" which prove the underlying crime does not raise an alternative means issue. 295 Kan. 181, Syl. ¶¶ 10, 11.

Since the *Brown* holding, other panels of this court have held the language "by force or by threat of bodily harm" does not raise an alternative means issue. See *State v. Cato-Perry*, 50 Kan. App. 2d 623, 628, 332 P.3d 191 (2014), *rev. denied* 302 Kan. ___

5

(August 20, 2015); *State v. Barnett*, No. 106,133, 2013 WL 4729219, at *5 (Kan. App. 2013), *rev. denied* 299 Kan. 1271 (2014); *State v. Henderson*, No. 107,193, 2013 WL 3970170, at *3 (Kan. App. 2013), *rev. denied* 299 Kan. 1272 (2014); *State v. Dewberry*, No. 106,701, 2013 WL 2321039, at *11 (Kan. App. 2013); *State v. Moore*, No. 106,209, 2013 WL 1010284, at *4-5 (Kan. App.), *rev. denied* 297 Kan. 1253 (2013). Bolstering the holdings in these cases is the fact that the Kansas Supreme Court has held the language "'force, threat, or deception'" in the kidnapping statute—language similar to that in the aggravated battery statute—does not raise an alternative means issue. See *State v. Haberlein*, 296 Kan. 195, Syl. ¶ 2, 290 P.3d 640 (2012), *cert. denied* 134 S. Ct. 148 (2013).

In *Cato-Perry*, 50 Kan. App. 2d at 628, our court explained that "the words *by force or by threat of bodily harm* are merely different options or means of compelling the taking of someone else's property, the focus of the crime of robbery." We agree and hold that the phrase "by force or by threat of bodily harm" are simply options within a means or factual circumstances by which the crime of aggravated battery may be committed. Therefore, no alternative means issue was present, and there was no jury instruction error.

WAS THERE SUFFICIENT EVIDENCE FOR THE JURY TO CONVICT TYREE?

Tyree next argues that there was insufficient evidence to convict him of aggravated robbery and aggravated battery.

> "[W]hen sufficiency of the evidence is challenged in a criminal case . . . [, we review] all
> the evidence in a light most favorable to the prosecution [and] must be convinced a
> rational factfinder could have found the defendant guilty beyond a reasonable doubt.
> [We] do not reweigh evidence . . . or make witness credibility determinations." *State v.
> Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014).

It is only in rare cases where the testimony is so incredible that no reasonable factfinder could find guilt beyond a reasonable doubt that a guilty verdict will be reversed. *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983).

The aggravated robbery statute, K.S.A. 21-3427, is set out above. Aggravated battery is defined as "intentionally causing bodily harm to another person with a deadly weapon, or in any manner whereby great bodily harm, disfigurement or death can be inflicted." K.S.A. 21-3414(a)(1)(B).

In the present case, Lewis was called as a witness at the first trial but invoked his right against self-incrimination, prompting a mistrial. Lewis testified at the second trial, during which he was being held in federal custody awaiting sentencing in a separate case. Lewis entered a plea in his federal case and, as part of his plea agreement, agreed to give nonconflicting statements at Tyree's second trial. Lewis identified Tyree as his robber and shooter in the second trial, but Tyree's counsel elicited testimony that Lewis' prior testimony in federal court regarding who shot him during the robbery conflicted with this testimony.

Tyree argues that because Lewis' testimony was contradictory, there was not sufficient evidence to convict Tyree of aggravated robbery and aggravated battery. However, Hinkle witnessed Tyree speaking with Lewis moments before Lewis was shot, and Lewis told three police officers that Tyree robbed and shot him. He also told the detective that Tyree robbed and shot him, and Lewis identified a photo of Tyree as the perpetrator. The jury was aware of Lewis' prior conflicting testimony yet found Lewis' testimony at the second trial to be credible.

As it is not our role to reweigh the credibility of witnesses and we are required to view the evidence in the light most favorable to the State, *Williams*, 299 Kan. at 525, our review of the record on appeal shows a rational factfinder could have found Tyree guilty

7

beyond a reasonable doubt. Therefore, there was sufficient evidence for the jury to find Tyree guilty of aggravated robbery and aggravated battery.

Affirmed.