NOT DESIGNATED FOR PUBLICATION

No. 114,656

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AARON ANTHONY BREAULT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed March 17, 2017. Conviction reversed and sentence vacated.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Brock R. Abbey*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and BRUNS, JJ.

*Per Curiam*: Aaron Anthony Breault was driving a two-wheeled vehicle when police observed him make an improper turn. He was stopped, arrested, and eventually charged with, among other things, driving under the influence of alcohol (DUI). At trial, Breault's defense was that he had been driving a motorized bicycle rather than a motor vehicle. The district court found him guilty of the crimes charged. Breault filed a motion for judgment of acquittal, arguing that the State failed to prove that he was driving a motor vehicle. The motion was denied. Breault now appeals. Because we find that the evidence was insufficient to support the court's conclusion that Breault was operating a

1

motor vehicle, we reverse his conviction for operating a motor vehicle while under the influence of alcohol and vacate his sentence.

FACTUAL AND PROCEDURAL HISTORY

While on patrol, Officer Cory Chambers "observed a red Yamaha moped . . . conduct an improper left turn." While the driver was making the turn he appeared to wobble from side to side and had both feet on the ground. Chambers initiated a stop of the vehicle and made contact with the driver, Breault. Chambers noticed that Breault smelled strongly of alcohol and had bloodshot eyes. Chambers conducted two field sobriety tests, both of which indicated that Breault was too impaired to drive. Chambers arrested Breault and he was charged with DUI, driving without a valid driver's license, improper turn, and driving a bicycle or motorized bicycle without a brake.

Breault waived his right to a jury trial. His case was tried to the district court which found him guilty of all charges except driving without a valid license. Following the trial, Breault filed a motion for judgment of acquittal, arguing that the State failed to prove that he had been operating or attempting to operate a motor vehicle. After a hearing, the district court denied the motion as applied to the DUI charge, but granted an acquittal on the fourth charge, driving a bicycle without a brake, finding that there was conflict between the two charges—one alleging he was driving a motorized bicycle, the other a motor vehicle (which specifically excludes a motorized bicycle).

Breault now appeals.

ANALYSIS

Breault argues that there was insufficient evidence to convict him of driving a motor vehicle under the influence of alcohol. Specifically, Breault contends that the State

2

failed to prove that the vehicle he was driving was a *motor vehicle* rather than a motorized bicycle. When the sufficiency of the evidence used to convict a defendant is challenged on appeal, this court reviews the evidence in the light most favorable to the prosecution. The conviction will be upheld if this court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt based on the evidence presented. *State v. Dunn*, 304 Kan. 773, 821, 375 P.3d 332 (2016). In conducting this review, this court generally will not reweigh the evidence or make determinations regarding the credibility of witnesses. 304 Kan. at 822. It is only in rare cases where no reasonable factfinder could have found guilt beyond a reasonable doubt that a guilty verdict will be reversed. *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983).

Breault was charged with and convicted of "operat[ing] or attempt[ing] to operate a motor vehicle while" under the influence of alcohol in violation of K.S.A. 2012 Supp. 8-1567(a)(3) and (b)(1)(D). The DUI statute is part of the Uniform Act Regulating Traffic. K.S.A. 8-1401 *et seq*. The definitional section is contained in Article 14 of Chapter 8. K.S.A. 8-1437 defines "motor vehicle" as "every vehicle, other than a motorized bicycle or a motorized wheelchair, which is self-propelled . . . ." The Act defines "motorized bicycle" as:

> "[E]very device having two tandem wheels or three wheels which may be propelled by either human power or helper motor, or by both, and which has:
>
> "(a) A motor which produces not more than 3.5 brake horsepower;
> "(b) a cylinder capacity of not more than 130 cubic centimeters;
> "(c) an automatic transmission; and
> "(d) the capability of a maximum design speed of no more than 30 miles per hour . . . ." K.S.A. 8-1439a.

See K.S.A. 2012 Supp. 8-126(aa).

3

It appears that if the motorized bicycle is capable of speeds in excess of 30 miles per hour or produces more than 3.5 brake horsepower, it would be classified as a motorcycle under K.S.A. 8-1438 (a "motor vehicle having a seat or saddle for the use of the rider and designed to travel on not more than three [3] wheels in contact with the ground") or a motor-driven cycle under K.S.A. 8-1439 (a motorcycle with not to exceed 5 brake horsepower). See K.S.A. 2012 Supp. 8-126(d).

At Breault's bench trial, the State put on two witnesses—the officer who stopped Breault and conducted his field sobriety tests, Chambers, and the officer who administered the breathalyzer at the police station, Jeffrey Vaughn. While he was on the stand, Chambers was asked about the reason he stopped Breault and his interaction with Breault once he was stopped. Several times, Chambers referred to the fact that the vehicle Breault was driving at the time was a "moped," but he never defined what he meant when he used that term. He did not describe it as a motorcycle. The prosecutor did not ask Chambers any questions about the vehicle. Vaughn testified for the State about his interaction with Breault at the police station.

Vaughn was recalled to the witness stand by the defense. Defense counsel asked Vaughn about his conversation with Breault at the police station. One of the questions was: "Did [Breault] tell you he had been operating a vehicle?" To which Vaughn replied: "He advised he had been operating a motorbike." Breault then took the stand in his own defense. The first substantive question his attorney asked was whether Breault owned a 1981 Yamaha motorized bicycle, to which Breault replied "I do." Breault was then asked to describe the mechanical problems he was having with "that motor vehicle" at the time he was stopped for the DUI.

While Breault's attorney once referred to Breault's bike as a motor vehicle, her questions nevertheless brought into contention the issue of whether the vehicle Breault was driving fit the definition of motor vehicle. Despite that, the State did not follow up

4

with any rebuttal witnesses to establish that Breault was in fact driving a motor vehicle as defined by K.S.A. 8-1437 or K.S.A. 2012 Supp. 8-126.

During closing argument, Breault's attorney argued that "[t]he State has elected to ask that the Court make a finding of guilt as it relates to Mr. Breault for operating or attempting to operate a motor vehicle while under the influence of alcohol" and that it failed to establish that he was in fact driving a motor vehicle rather than a motorized bicycle. Nevertheless, the district court found Breault guilty of Count I, operating a motor vehicle under the influence of alcohol.

Following the trial, Breault filed a motion for judgment of acquittal, again arguing that the State failed to establish that Breault was driving a motor vehicle rather than a motorized bicycle. After a hearing, the district court denied the motion. The district court found:

> "[B]ased upon the testimony of Officer Chambers, an experienced law enforcement officer, that defendant was driving a moped, and the Court did also—and the Court also, based upon the video, finds that the defendant was driving a vehicle, driving a moped, and that the Court further finds that the defendant was operating a motor vehicle as defined in K.S.A. 8-126(t).
>
> "No evidence was presented at trial that the vehicle driven could be propelled by human power or helper power or both. The evidence presented does not support a finding that the vehicle was a motorized bicycle . . . as alleged by defendant."

Even though the court found Breault was driving a moped, the term moped is not defined in the Kansas Statutes. See K.S.A. 2012 Supp. 8-126; K.S.A. 8-1401 *et seq*. The dictionary defines "moped" as "a light low-powered motorbike that can be pedaled." Merriam-Webster Dictionary 322 (6th ed. 2005). In fact, the term moped is a combination of the words motor and pedal.

5

"A moped is a bicycle designed to be operated by human power with the assistance of a motor. While it has been held that a moped is not a motor vehicle, it has also been held that a moped is a vehicle, at least for purposes of the prohibition against driving while intoxicated." 7A Am. Jur. 2d, Automobiles § 8, pp. 482-83.

With that in mind, we pause to note that there is a discrepancy between the language used in Count I of the complaint describing the crime with which Breault was charged and the language of the statute to which the count refers. The language of the statute defines driving under the influence as "operating or attempting to operate any *vehicle* within" the state while impaired. (Emphasis added.) K.S.A. 2012 Supp. 8-1567(a). "Vehicle" is defined as "every device in, upon or by which any person or property is or may be transported or drawn upon a public highway, except . . . devices moved by human power . . . ." K.S.A. 2012 Supp. 8-1485; see K.S.A. 2012 Supp. 8-126(a). While a motorized bicycle may have qualified as a vehicle and thus put Breault within the reach of K.S.A. 2012 Supp. 8-1567, the State did not and does not argue that Breault was charged with and convicted of anything other than operating a *motor vehicle*.

Thus, returning to the facts of this case, if Chambers' testimony that Breault was driving a moped provides evidence of anything, it is that Breault was driving a motorized bicycle rather than a motor vehicle as defined by Kansas law. Even viewed in the light most favorable to the State, Chambers' testimony does not provide evidence from which a reasonable factfinder could have found that Breault was operating or attempting to operate a motor vehicle. That leaves only the State's Exhibit 1, the dash-cam video from the stop of Breault, as possible evidence that Breault was driving a motor vehicle.

This court has reviewed the dash-cam video. It is impossible to tell from the video whether Breault was driving a motor vehicle or a motorized bicycle as defined by statute. In the video, the lights from the police car shine on the back of some sort of small, narrow vehicle that appears to have spoked wheels. The glare from the headlights makes

6

it impossible to see any distinct features of the vehicle, much less to determine whether it has: a motor that produces no more than 3.5 brake horsepower, an engine that is no more than 130 cubic centimeters, an automatic transmission, or the capacity to go more than 30 miles per hour.

We also find that it was not, as the district court seemed to imply, up to Breault to provide evidence that his vehicle was a motorized bicycle rather than a motor vehicle. Rather, because the State charged Breault with "operating a motor vehicle," it was up to the State to put forward evidence supporting the charge. The district court erred when it found that the State successfully did so.

This is one of the rare cases in which the evidence, viewed in the light most favorable to the State, was insufficient to sustain a conviction of the crime charged, *i.e.*, operating a *motor vehicle* under the influence of alcohol. Accordingly, Breault's DUI conviction is reversed and his sentence vacated for that offense.

Conviction reversed and sentence vacated.