No. 54,476

STATE OF KANSAS, *Appellee*, v. RAYMOND LOUIS MATLOCK, *Appellant.*

(660 P.2d 945)

Opinion filed March 18, 1983.

*Ed Schneeberger*, of Green & Schneeberger, of Leavenworth, argued the cause and was on the brief for the appellant.

*Frank E. Kohl*, assistant county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal from a conviction of rape (K.S.A. 21-3502). The complainant was the adopted stepdaughter

of defendant, Raymond Louis Matlock. The rape allegedly occurred in April 1979. The charge of rape was not filed in Leavenworth County until July 15, 1980, one year and three months after the alleged rape took place. The defendant denied the charge. At the trial, the only witness called by the State was the complainant, who at that time was twenty-two years of age. The alleged rape took place at the defendant's home in Leavenworth on an evening when there were several members of the family present in the house. The complainant testified that the act occurred in her bedroom on an old creaky bed at a time when the door to her sister's room was open. The defense called four witnesses who testified they were in the house on the night in question. They were the complainant's two sisters, her mother (the defendant's wife), and a young man who was a friend of one of the sisters. All of these witnesses denied that they saw or heard anything that night. The defendant took the stand and unequivocally denied the charge. The jury convicted the defendant and he appealed.

The defendant raises several points on the appeal. The first three points involve the sufficiency of the evidence to support the verdict of guilty. The defendant states his points as follows: (1) The State failed to establish the *corpus delicti* of the charge of rape; (2) The uncorroborated testimony of the alleged rape victim, when the complaint is not made until one year and three months after the alleged incident, is insufficient evidence upon which to base a conviction; and (3) The trial court erred in failing to sustain the defendant's motion for a judgment of acquittal.

The thrust of the defendant's argument is that a defendant may not be convicted of a charge of rape on the uncorroborated testimony of the alleged victim where there is no other evidence presented to show the fact of the rape itself. He maintains there was no credible evidence presented to demonstrate that the crime actually took place. He argues that the uncorroborated testimony of the alleged rape victim, who first complained about the defendant's alleged misconduct over a year after the alleged crime, is not sufficient to sustain a conviction.

The defendant also maintains that the conviction must have been the result of prejudice arising as a result of several matters arising during the trial. The jury was advised that the defendant was on a federal parole from the Leavenworth Penitentiary. At

trial, the prosecutrix testified that the reason she filed charges at this particular time, over a year after the alleged rape occurred, was that her sister was acting strangely. The defendant's objection to this statement was overruled. Also, during closing argument, the prosecutor told the jury that he would not be prosecuting the suit, if *he* did not believe the prosecutrix's story to be true. Undoubtedly, all of these factors worked to the detriment of the defendant.

The test to be applied to determine the sufficiency of evidence to support a verdict of guilty has been stated many times by this court: Does the evidence when viewed in the light most favorable to the prosecution convince the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt? *State v. Carr,* 230 Kan. 322, 634 P.2d 1104 (1981); *State v. Sanders,* 227 Kan. 892, 895, 610 P.2d 633 (1980); *State v. Voiles,* 226 Kan. 469, Syl. ¶ 6, 601 P.2d 1121 (1979).

At common law, the testimony of the prosecutrix alone was sufficient to sustain a conviction without corroboration. Several states, by statute or court decision, have modified the common-law rule and now require some corroboration in order to sustain a conviction of rape. See 65 Am. Jur. 2d, Rape § 96, and the annotation at 60 A.L.R. 1124, where many cases are cited. Kansas has not modified the common law and has consistently held that a conviction of rape can be upheld without corroboration. See *State v. Sanders,* 227 Kan. 892; *State v. Robinson,* 219 Kan. 218, 220, 547 P.2d 335 (1976); *State v. Morgan,* 207 Kan. 581, 485 P.2d 1371 (1971); *State v. Tinkler,* 72 Kan. 262, 83 Pac. 830 (1905).

The appellate courts of several other jurisdictions, which have adopted rules precisely like ours on the sufficiency of evidence and the uncorroborated testimony of the prosecutrix in a rape case, have held that in order to convict on the uncorroborated testimony of the prosecutrix, the testimony of the prosecutrix must be clear and convincing, and that where her testimony is so incredible and improbable as to defy belief, the evidence is *not* sufficient to sustain a conviction. *State v. Goodale,* 210 Mo. 275, 109 S.W.9 (1908); *Morris v. State,* 9 Okla. Crim. 241, 131 Pac. 731 (1913); *DeArmond v. State,* 285 P.2d 236 (Okla. 1955); *State v. Burton,* 355 Mo. 467, 196 S.W.2d 621 (1946); *Blumenthal v. State,* 98 Tex. Crim. App. 601, 267 S.W. 727 (1925); *State v. Moe,*

68 Mont. 552, 219 Pac. 830 (1923); *Ganzel v. State*, 185 Wis. 589, 201 N.W. 724 (1925).

We have concluded that the uncorroborated testimony of the prosecutrix in this case was unbelievable to the extent that it was not sufficient to sustain the conviction of the defendant for rape. In reaching this conclusion, we have carefully examined the record and noted the following facts admitted or uncontroverted by the prosecutrix, which tend to cast doubt upon the credibility of her testimony:

(1) The alleged rape occurred on an old creaky bed in the prosecutrix's bedroom, which was in between her two sisters' bedrooms.

(2) The bed was so close to the wall to her sister Treva's room that it would bang against the wall whenever someone moved about on the bed.

(3) The prosecutrix did not cry out when the alleged rape occurred.

(4) The prosecutrix did not clean herself after the attack.

(5) The next day the prosecutrix wore the very same underwear that she had worn during the attack.

(6) The prosecutrix testified she cried for three hours after the attack, *but* no one else in the house heard her.

(7) After the alleged rape, the prosecutrix wrote a love letter to a boyfriend denying that she had ever had any sexual relations with anyone.

(8) The prosecutrix told no one about the alleged attack after it occurred, waiting until fifteen months later.

(9) The prosecutrix, by her own admission, demonstrated friendly feelings towards her father both before and after the alleged rape occurred. In fact, she voluntarily moved with her family, including her father, to Tulsa about three months after the alleged attack, even though she had the opportunity to continue with her job at the Leavenworth County District Court.

(10) Throughout all this time, she acted outwardly loving toward defendant, "[H]ugging, talking to him friendly as ever, just normal things that most daughters do."

(11) The prosecutrix voluntarily accompanied the defendant alone on long trips on several occasions after the alleged attack.

(12) The prosecutrix admitted that she wanted to remain the decision-maker of the family, which she had been during her

father's stay in prison, and admitted that she had threatened at times to send her father back to prison when he made family decisions with which she disagreed.

(13) The prosecutrix admitted that lying had been a part of her life for a long time.

(14) The corroborative factors usually found in rape cases were not present:

(a) There was no evidence of outcry by the victim;

(b) There were no signs or marks on the complainant's body or clothing indicative of a struggle;

(c) There was a complete failure of the complainant to complain about defendant's misconduct at the earliest opportunity;

(d) Reasonable opportunity to commit forcible rape was not existent under the circumstances; and

(e) There was no evidence of male sperm on the complainant's body or her clothing or her bedding. There was no physical examination by a physician.

There was no evidence whatsoever presented at the trial, other than the testimony of the prosecutrix, which was inconsistent with the innocence of the defendant. All defense witnesses who were present in the house the night of the alleged attack testified without equivocation that they did not see or hear anything which would indicate the rape did occur. The ex-boyfriend of the prosecutrix's sister, Treva, testified that he spent the night on the couch in the living room with an unobstructed view of complainant's bedroom, that he could easily see into her bedroom, and thus, would have seen the defendant enter the bedroom, if he had done so. He testified that he observed the defendant enter his own bedroom about an hour before the alleged attack occurred, and that at no time did he see the defendant come out of that bedroom. The uncorroborated testimony of the complainant, who waited fifteen months to complain or to relate her story to anyone, is simply unbelievable. If defendant was abusing her on that evening in April of 1979, and if such activity was against her will, a spoken word would surely have stopped the rape and brought assistance from her mother or other family members.

We hold that these uncontradicted facts cast so much doubt upon the credibility of the prosecutrix that no rational factfinder

could have believed her testimony and found the defendant guilty beyond a reasonable doubt. *State v. Carr,* 230 Kan. 322; *State v. Mitchell,* 54 Kan. 516, 38 Pac. 810 (1895). We wish to emphasize that we are not repudiating the rule that the uncorroborated testimony of the prosecutrix may be sufficient to convict a defendant of rape. However, that rule has always been subject to the rule that her testimony must be convincing to the point that a rational factfinder could find the defendant guilty beyond a reasonable doubt. Here, we do not believe the testimony rises to that level. Thus, the conviction of the defendant must be reversed. Having disposed of the case on this basis, we need not reach the other issues raised on appeal by the defendant.

The judgment of the district court is reversed with directions to discharge the defendant.

SCHROEDER, C.J., McFARLAND & HERD, JJ., dissenting.