**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIE J. SIMKINS,

        Petitioner-Appellant,

v.

L. E. BRUCE; ATTORNEY
GENERAL OF KANSAS,

        Respondents-Appellees.

No. 04-3505

(D. of Kan.)

(D.C. No. 03-CV-3235-GTV)

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. [**]

A Kansas jury, applying state law, convicted Willie J. Simkins of
aggravated indecent liberties with a child and aggravated intimidation of a
witness. Simkins was sentenced to 85 months in prison. On direct appeal,
Simkins challenged the sufficiency of the evidence to sustain his convictions.

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Both the Kansas Court of Appeals and the Kansas Supreme Court affirmed the convictions.

In May 2003, filing pro se in the United States District Court for the District of Kansas, Simkins sought federal habeas corpus relief under 28 U.S.C. § 2254. He made four claims, three of which were deemed waived for failure to fully exhaust his state court remedies. The fourth and instant claim, insufficiency of the evidence, was denied by the district court. For the reasons set forth below, we find that Simkins has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Thus, we deny a certificate of appealability (COA) and dismiss the appeal.

## I. Discussion

The original information filed against Simkins charged him with five crimes. The first, second, and fourth charges were aggravated indecent liberties with a child. The third charge was aggravated criminal sodomy, and the fifth was aggravated intimidation of a witness or victim. Simkins was found guilty of the first and fifth charges and not guilty of charges two, three, and four. Simkins seeks a COA to challenge the sufficiency of the evidence for charges one and five.

**A. Standard of Review**

The Kansas courts adjudicated Simkins' case on the merits, so our review, which is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), is limited to two grounds. *Parker v. Scott*, 394 F.3d 1302, 1308 (10th Cir. 2005). We may only grant a COA if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2).

**B. Application**

In applying AEDPA, this court has not decided whether sufficiency of the evidence is a question of law or fact. *Webber v. Scott*, 390 F.3d 1169, 1178 (10th Cir. 2004). For purposes of a § 2254 claim, it can be either, as the Supreme Court's holding in *Jackson* illustrates. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). There, the Court held that "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* If sufficiency of the evidence is treated as a legal claim, then under § 2254(d)(1) the court must evaluate whether the state court unreasonably applied the standard from *Jackson*. *Webber*, 390 F.3d at 1178

(citations omitted).  If sufficiency of the evidence is treated as a factual finding, then the analysis falls under § 2254(d)(2), which asks whether the state court's decision was an unreasonable determination of the facts.  *Id.* (citations omitted).  Here, Simkins' claim fails under either analysis.

In applying the *Jackson* standard, we look to Kansas law to determine the substantive elements of the crimes.  *Turrentine v. Mullin*, 390 F.3d 1181, 1197 (10th Cir. 2004).  Under Kansas law, a charge of aggravated indecent liberties with a child requires the state to prove beyond a reasonable doubt that Simkins had "[s]exual intercourse with a child who is 14 or more years of age but less than 16 years of age." Kan. Stat. Ann. § 21-3504(a)(1).  Since here the age of the minor is not in question, the sole issue is whether Simkins and the minor engaged in sexual intercourse.  To prove sexual intercourse, the state relied on the uncorroborated testimony of the minor.  It is established Kansas law that the uncorroborated testimony of the alleged victim may alone be sufficient to convict a defendant of sexual assault, as long as that evidence is clear and convincing and not so incredible or improbable as to defy belief.  *See Kansas v. Borthwick*, 880 P.2d 1261, 1269–68 (Kan. 1994); *Kansas v. Matlock*, 660 P.2d 945, 946 (Kan. 1983).  Simkins asks us to grant the COA based on the insufficiency of this uncorroborated evidence.  He contends the evidence is so contradictory and unconvincing as to make it insufficient as a matter of law.  We do not agree.

-4-

As to the first charge, aggravated indecent liberties with a child, we have reviewed the evidence and conclude that a rational jury could credit the minor's trial testimony as both consistent and believable. She told similar, detailed accounts to police, at a preliminary hearing, and during both direct and cross-examination at trial. The jury concluded with respect to the other charges of sexual misconduct, however, that the prosecution had not met its burden of proof. Just because a witness's testimony is disregarded as to one charge does not mean that the jury's verdict on another charge is unreliable as a matter of law. We therefore find that a reasonable jury could have believed the minor's testimony as to the first charge even if it did not believe that same witness's testimony regarding other similar allegations.

The fifth charge, aggravated intimidation of a witness in violation of Kan. Stat. Ann. § 21-3832(a)(1), requires that the state prove Simkins knowingly and maliciously attempted to dissuade a witness or victim from giving testimonial evidence. Here, the state presented much more than uncorroborated testimony to sustain a guilty verdict. Simkins himself wrote literally dozens of letters to the minor from jail, including one seeking her hand in marriage, and another asking her to change her story. Clearly, a reasonable jury could infer from his actions that Simkins knowingly and maliciously attempted to dissuade the minor from

giving true and complete testimonial evidence. Thus, Simkins is not entitled to a COA on this ground.

In sum, we find Simkins has not made a "substantial showing of the denial of a constitutional right" because the district court's rejection of his sufficiency of the evidence claim was not an unreasonable application of *Jackson*, nor an unreasonable determination of the facts.

Therefore, we DENY Simkins' COA and DISMISS the appeal. We also GRANT his motion to proceed in forma pauperis. Appellant's "Notice to Court," construed as a motion to supplement the record, previously granted in part, is hereby granted.

Entered for the Court

Timothy M. Tymkovich
United States Circuit Judge