NOT DESIGNATED FOR PUBLICATION

No. 113,171

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRAVIS C. DAY,
*Appellant.*

MEMORANDUM OPINION

Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed November 13, 2015.
Affirmed.

*Andy Vinduska*, of Manhattan, for appellant.

*Jeremy J. Crist*, assistant county attorney, *Charles T. Lee*, legal intern, *Barry R. Wilkerson*,
county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and LEBEN, JJ.

*Per Curiam*: Travis C. Day spit on the boot of a law-enforcement officer as Day
lay on the ground in what officers called a hobble restraint. A jury found Day guilty of
battery on a law-enforcement officer as charged under K.S.A. 2014 Supp. 21-
5413(c)(1)(B). He appeals his conviction, arguing there was insufficient evidence to
support the crime.

When we review a claim on appeal that the evidence was insufficient, we do so
after the factfinder—here, a jury—has found the defendant guilty beyond a reasonable

doubt. Since the jury, not an appellate court, is the factfinder, we must review such claims by looking at all the evidence in a light most favorable to the prosecution (in whose favor the jury ruled at trial). We then determine whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt based on that evidence. *State v. Williams*, 299 Kan. 509, 525, 324 P.3d 1078 (2014).

Day encountered the Riley County police on April 6, 2014, as they were investigating the report of an aggravated robbery and aggravated kidnapping. Officers received information that the suspect was located at O'Malley's, a bar in Manhattan. The officers located the suspect—not Day—and immediately handcuffed him, believing he might be armed. They then led him outside and into the alley north of the bar. Lieutenant Mark French testified that the investigation was an organized event, with probably a dozen officers in the immediate area. Day was present when the suspect was led out of the bar, but Day was not questioned or detained at that time.

While the suspect was being detained, Day walked toward the group in the alleyway. French knew Day, had seen him in the bar earlier, and believed he was intoxicated. French also knew that Day was a friend of the suspect. Day said at trial that he had wanted to get a phone number from the suspect so that he could let the suspect's family know that he was being questioned by the police. As Day approached the suspect, French yelled at Day to "stop" in a loud and definite tone. French testified that the officers had been investigating a dangerous crime and that he didn't want Day to interfere with the questioning.

Day continued to walk toward the suspect despite French's additional commands for him to stop. Day said that he had held his phone up to indicate that he wanted to make a phone call. Officer Mark Cusimano and two other officers grabbed Day, placed him in handcuffs, and led him away from the area.

2

Day was noticeably upset about his detention. Cusimano described Day as "[v]ery belligerent, disrespectful, [and] intoxicated." When Cusimano tried to explain to Day why he was being detained, Day continued to scream, calling the officers names and claiming that he was being unlawfully detained.

Day attempted to get out of his handcuffs by looping his hands below his legs so that they were in front of him. Cusimano testified that this was problematic for the officers as a matter of safety. When Cusimano tried to help Day stand up, Day attempted to kick Cusimano in the groin.

Day was asked at least twice to get on the ground, but he refused. Once Day was forced to the ground, Sergeant Scott Hagemeister placed what the officers called a hobble restraint on Day's ankles so that he could not hit or kick the officers.

Day's belligerent behavior continued. After directing several obscenities at Cusimano, Day turned toward Cusimano and spit at him. The spit landed on Cusimano's boot.

Day was arrested for battery on a law-enforcement officer. When Hagemeister informed Day that he was being arrested for battery on a law-enforcement officer, Day admitted that he had spit on the officer but said that that wasn't the reason he was in handcuffs. The State admitted into evidence a segment of an audio recording that captured the conversation between Hagemeister and Day; in it, Day said that he had spit on the officer because he had been hog-tied. During deliberations, the jury asked to hear the audio a second and third time. The jury found Day guilty.

We now proceed to consider Day's claim on appeal that there was insufficient evidence to support his conviction. In his appellate brief, Day recognizes that he has "a difficult hill to climb." That's in part because it is not our role to reweigh the evidence or

3

the credibility of witnesses. *Williams*, 299 Kan. at 525. And it is only in rare cases—where the testimony is so incredible that no reasonable factfinder could find guilt beyond a reasonable doubt—that a guilty verdict will be reversed. See *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983).

Day was convicted of battery on a law-enforcement officer. K.S.A. 2014 Supp. 21-5413(a)(2) defines battery as "knowingly causing physical contact with another person when done in a rude, insulting or angry manner." Battery on a law-enforcement officer, as applied in this case, is battery "committed against a . . . uniformed or properly identified . . . city law enforcement officer . . . while such officer is engaged in the performance of such officer's duty." K.S.A. 2014 Supp. 21-5413(c)(1)(B).

Day claims that his actions were not committed unlawfully, knowingly, and in a rude and insulting manner. Day admits being upset, but he denies that he "tried to attack" Cusimano during their interaction. At trial, Day testified that he spit only after he had been placed on the concrete and had "cottonmouth" and dirt in his mouth. Day admitted that the spit landed on Cusimano.

Both Cusimano and Hagemeister testified that Day was upset and yelling obscenities directed at Cusimano when he turned his head and intentionally spit at him. The audio recording confirmed that Day admitted to spitting on Cusimano. Just before spitting, Day attempted to kick Cusimano, and he screamed obscenities at the officers. This testimony provides sufficient evidence that Day acted in a rude and insulting manner.

Considering the evidence in the light most favorable to the State, we conclude there was sufficient evidence for a rational factfinder to find that Day intentionally spit on Cusimano. That's physical contact, and Cusimano was a uniformed law-enforcement

4

officer engaged in the performance of his duty. The jury certainly could also find that Day acted in a rude, insulting, or angry manner.

Our court has found evidence that a person spat on a law-enforcement officer sufficient to constitute battery against an officer in several other cases. See *State v. Welch*, No. 109,343, 2014 WL 4080064, at *2-3 (Kan. App. 2014) (unpublished opinion); *State v. Brooks*, No. 105,358, 2012 WL 309075, at *5 (Kan. App. 2012) (unpublished opinion), *rev. denied* 296 Kan. 1131 (2013); *State v. Vontress*, No. 89,820, 2004 WL 376115, at *6, 12, 18 (Kan. App.) (unpublished opinion), *rev. denied* 278 Kan. 851 (2004). The same is true here.

The district court's judgment is affirmed.