NOT DESIGNATED FOR PUBLICATION

No. 116,745

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TAMMY L. SCHEIBE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL A. RIOS, judge. Opinion filed April 6, 2018.
Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Rachel L. Pickering*, assistant district attorney, *Michael F. Kagay*, district attorney, and *Derek
Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE and MCANANY, JJ.

PER CURIAM: A jury convicted Tammy L. Scheibe of possession of
methamphetamine, possession of marijuana, and unlawful use of drug paraphernalia. On
appeal, Scheibe argues that there was insufficient evidence for the jury to find beyond a
reasonable doubt that she possessed methamphetamine and marijuana. Because we find
that, when viewed in a light most favorable to the State, a rational fact-finder could have
found Scheibe guilty of both charges, we affirm.

1

Topeka police had a warrant to search Scheibe's residence based on an anonymous tip and trash pulls where drug paraphernalia was found that field-tested positive for methamphetamine. The residence was shared with Dehaven Hanna. Scheibe's room was on the main floor of the residence while Hanna's room was in the basement.

While police searched the residence, Topeka Police Officer Aaron Jones interviewed Scheibe. Jones read Scheibe her *Miranda* rights and she agreed to waive her rights and speak with him. Scheibe informed Jones that there was a user amount of methamphetamine in her purse. Officer Nicole Karr heard Scheibe tell Officer Jones that drugs were in her purse.

Topeka Police Officer Trenton Ginn searched the residence with his K-9 partner, Monte. Monte alerted to narcotics in Scheibe's room. Monte indicated that the odor was coming from a pile of purses, next to a dresser, in the corner of the room. Ginn removed the purse that Monte was interested in and set it on the bed. Monte continued to show interest in the area between the pile of purses and the dresser. Ginn directed other officers to the area and continued to search the residence with Monte. After Ginn finished searching with Monte, he went back to Scheibe's bedroom and assisted other officers in their search of the room. The officers told Ginn that the purse which was removed from the pile and placed on the bed contained suspected methamphetamine. Ginn searched the pile of purses and the dresser and found baggies and a digital scale. Additionally, Ginn found a pipe, which based on his training and experience, he recognized as a pipe used to smoke methamphetamine.

Officer Jason Schumacher assisted with the search of Scheibe's residence by photographing and collecting evidence. Officer Schumacher photographed the methamphetamine that was located in the purse, as well as suspected marijuana that was

2

located in Scheibe's room. Additionally, a marijuana grinder was located in Scheibe's bedroom.

Scheibe was charged with possession of methamphetamine, possession of marijuana, and unlawful use of drug paraphernalia. At trial, the State also admitted two baggies of methamphetamine, one white and the other brown, which were found in Scheibe's room. Schumacher's picture of the methamphetamine only shows one baggy of methamphetamine. He explained the discrepancy between the photograph and the admitted evidence, stating: "[T]he other bag was under that one or in a different spot in the purse and didn't show in the photograph." Schumacher indicated that if a second baggy was found he would have photographed it. Another baggy that was located at Scheibe's residence was admitted to evidence. Of the three baggies admitted, it appears that none matched the photograph marked as State's Exhibit 1. Schumacher also testified that the first two baggies admitted came from Scheibe's bedroom.

The suspected methamphetamine that Schumacher testified was located in Scheibe's bedroom tested positive for methamphetamine. The suspected marijuana found in Scheibe's bedroom area tested positive for marijuana.

Scheibe's roommate, Hanna, was called to testify by the defense. The transcript appears to be somewhat incomplete, but it seems that Hanna testified that he could, and would, sometimes go into Scheibe's room. When questioned by the State, Hanna indicated that he would not take something into Scheibe's room unless she asked him to do so.

In closing arguments, Scheibe's attorney focused on the discrepancies between the State's testimony and what evidence was presented. Scheibe's attorney pointed out the evidentiary issues involved in the photographs of the methamphetamine. As characterized by Scheibe's attorney, the white suspected methamphetamine was never tested to

3

determine whether it was methamphetamine. Essentially, Scheibe argued that the State failed to meet its burden to prove beyond a reasonable doubt that she had possessed methamphetamine and marijuana.

The jury found Scheibe guilty on all counts. Scheibe timely appeals.

ANALYSIS

On appeal, Scheibe argues that there was insufficient evidence to support her convictions for possession of methamphetamine and possession of marijuana. Specifically, Scheibe argues that the evidence presented at trial, when viewed in a light most favorable to the State, does not prove beyond a reasonable doubt that she possessed methamphetamine and marijuana.

*Standard of Review*

"'When the sufficiency of evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt.'" *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). When determining whether there was sufficient evidence to support a conviction, an appellate court does not "'reweigh evidence, resolve evidentiary conflicts, or make determinations regarding witness credibility.' [Citations omitted.]" *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016). It is only in rare cases where the testimony is so incredible that no reasonable fact-finder could find guilt beyond a reasonable doubt that a guilty verdict will be reversed. *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983).

A verdict may be supported by circumstantial evidence, if such evidence provides a basis for a reasonable inference by the fact-finder regarding the fact in issue.

4

Circumstantial evidence, in order to be sufficient, need not exclude every other reasonable conclusion. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016).

*Discussion*

In this case, there was sufficient evidence for the jury to find Scheibe guilty of possession of methamphetamine and possession of marijuana. As a preliminary matter, Scheibe argues discovery of a controlled substance in the common area of a shared residence is not, alone, sufficient evidence to support a conviction of unlawful possession of the controlled substance. See *State v. Keel*, 302 Kan. 560, Syl. ¶ 2, 357 P.3d 251 (2015). This argument is unpersuasive. Evidence was presented that the methamphetamine and marijuana were found in Scheibe's bedroom, not a common area. Additionally, Hanna testified that he would not have taken anything to Scheibe's bedroom unless she asked him to do so. We will address the evidence to support each charge separately.

*Possession of methamphetamine.*

The jury was instructed that in order to find Scheibe guilty of possession of methamphetamine the State was required to prove that Scheibe knowingly had joint or exclusive control over the methamphetamine.

At trial, the jury heard testimony that methamphetamine was found in Scheibe's room. Officer Ginn testified that Monte alerted to the odor of narcotics coming from a pile of purses in Scheibe's room. Ginn was later told that one of the purses contained methamphetamine. Officers also found drug paraphernalia in the room, including: baggies, a digital scale, and a pipe commonly used to smoke methamphetamine. The jury also heard testimony that the suspected methamphetamine found in Scheibe's bedroom

5

later tested positive for methamphetamine. Additionally, the jury heard that Scheibe admitted to police that methamphetamine would be located in her purse.

While there were certainly issues in the collection of evidence and the subsequent presentation of that evidence at trial, it is not this court's place to reweigh the evidence, pass on the credibility of witnesses, or resolve evidentiary conflicts. *Dunn*, 304 Kan. at 822. The jury was clearly aware of the problems with the State's evidence. However, the jury found that the State proved beyond a reasonable doubt that Scheibe was guilty of possession of methamphetamine. This is not a case where the evidence is so incredible that no reasonable fact-finder could find Scheibe guilty beyond a reasonable doubt. See *Matlock*, 233 Kan. at 5-6. When viewed in a light most favorable to the State, there was sufficient evidence for a reasonable fact-finder to find Scheibe guilty of possession of methamphetamine. See *Rosa*, 304 Kan. at 432-33.

*Possession of marijuana*

The jury was instructed that in order to find Scheibe guilty of possession of marijuana the State was required to prove that Scheibe knowingly had joint or exclusive control over the marijuana.

At trial the jury heard testimony that suspected marijuana was found in Scheibe's bedroom. The jury also heard that the suspected marijuana later tested positive as marijuana.

It does not appear that the same issues facing the collection and presentation of the methamphetamine plagued the collection and presentation of the marijuana. On appeal, Scheibe speculates that the marijuana was actually located somewhere else in the residence. However, when viewed in a light most favorable to the State, there was

6

sufficient evidence for a reasonable fact-finder to find Scheibe guilty of possession of marijuana. See *Rosa*, 304 Kan. at 432-33.

Affirmed.