NOT DESIGNATED FOR PUBLICATION

No. 118,595

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW LEONIS SEXTON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed November 2, 2018. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., ATCHESON and POWELL, JJ.


PER CURIAM:  Matthew Leonis Sexton was found guilty of criminal threat and disorderly conduct in Pawnee County, Kansas, and was sentenced to 12 months' probation followed by 12 months of supervised release. On appeal, he argues that the evidence at trial was insufficient to convict him of criminal threat. Unconvinced by Sexton's argument, we affirm his convictions.

1

*Factual and Procedural History*

In November 2016, Sexton, age 45, lived with his mother, Barbara Sexton. Sexton often babysat Tia, the 10-year-old daughter of a friend who worked nights at Kwik Shop. On November 13, 2016, Sexton was watching Tia when Barbara walked into Sexton's room. She saw Sexton lying without a shirt on and Tia rubbing lotion on his face and neck. Barbara told Sexton that this made her uncomfortable and wanted him to take Tia home "because it just doesn't look good." Sexton then "flew into a rage," shouting that he was not a child molester. He jumped up and clenched his fists and the veins in his neck were popping out. Sexton continued yelling, telling Barbara "'I could just choke the F-ing life out of you with my bare hands'" and "burn [your] F-ing house down." Sexton went into the kitchen, but then "he jumped up and started after [Barbara]." Barbara said that Sexton "kicked the trash can all over the place" and threw it in her direction, but then said on cross-examination that she was unsure if Sexton accidentally knocked over the trash can or if he purposely threw it.

Barbara then moved to the living room and called another one of her sons, who advised her to call the police. Her son testified that she sounded upset and scared. Officer Anthony Boor responded to the dispute. He recorded Barbara's account of the incident and took photographs of the scene inside the home.

Sexton was arrested on November 20 pursuant to an arrest warrant. Sexton was charged with criminal threat and disorderly conduct, and the case went to trial. The jury found Sexton guilty as charged. The district court placed Sexton on probation with an underlying sentence of 12 months' imprisonment. Sexton appeals.

*Sufficient Evidence Supports Sexton's Conviction of Criminal Threat*

On appeal, Sexton argues only one issue—that the State did not produce sufficient evidence at trial supporting a conviction of criminal threat. He specifically argues that the State's evidence did not show that he intended to place Barbara in fear.

When the sufficiency of the evidence is challenged in a criminal case, we review the evidence in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt. *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). In making a sufficiency determination, we do not reweigh evidence, resolve evidentiary conflicts, or make determinations about witness credibility. *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016). It is only in rare cases where testimony is so incredible that no reasonable fact-finder could find the defendant guilty beyond a reasonable doubt that we will reverse a guilty verdict on appeal. *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983).

Kansas statutes define criminal threat as any threat to commit violence, communicated with the intent to place another in fear. K.S.A. 2017 Supp. 21-5415(a)(1). At trial, then, the State had to prove that Sexton (1) threatened to commit violence; and (2) communicated this threat with the intent to place another in fear. Sexton does not dispute that he threatened to commit violence. He instead argues that he did not intend to place Barbara in fear.

Because Kansas' criminal threat statute specifies that the defendant must act intentionally, criminal threat is a specific intent crime. K.S.A. 2017 Supp. 21-5202(h). The State therefore had to show that Sexton specifically intended to place Barbara in fear. Specific intent is a question of fact for the fact-finder to determine. *State v. Pratt*, 255 Kan. 767, 769, 876 P.2d 1390 (1994). But specific intent may be shown by acts, circumstances, and inferences reasonably deducible therefrom and need not be

3

established by direct proof. *State v. Johnson*, 258 Kan. 61, 67, 899 P.2d 1050 (1995). In fact, specific intent "is rarely susceptible of direct proof; it is usually inferred from the surrounding facts and circumstances." *State v. Harper*, 235 Kan. 825, 828, 685 P.2d 850 (1984).

Sexton contends that the State did not prove that he communicated the words with the specific intent to place Barbara in fear. But looking at Sexton's actions, the circumstances, and the inferences reasonably deducible therefrom, we easily find sufficient evidence that Sexton made a criminal threat toward Barbara intending to place her in fear. According to Barbara's statement to law enforcement as well as her trial testimony, after Sexton interpreted Barbara's remarks as accusing him of being inappropriate with Tia, he "flew into a rage." He exhibited an intimidating demeanor, jumping up with fists clenched and veins bulging in his neck. He then told Barbara that he could choke her to death and burn her house down. He remained enraged, cursing, breaking things, and throwing the trash can full of garbage in her direction. Barbara told the investigating officer that she fully believed that Sexton would come back to carry out his threat to do her physical harm.

From Barbara's description of the incident, we can reasonably infer that Sexton was angry with Barbara for what she said and that his fit of rage that followed was directed at her. Barbara witnessed these actions from her son and feared that he would come back to carry out his threat. The acts, circumstances, and inferences show that Sexton intended to place Barbara in fear.

Sexton cites *State v. Hurd*, 298 Kan. 555, 316 P.3d 696 (2013), in support of his argument that the evidence was insufficient to support his conviction of criminal threat. In *Hurd*, the defendant got into a disagreement with his father, Frank. The defendant later returned and confronted Frank, which led to the defendant shoving Frank against a bookcase and warning him that if his father called his other son, Jonathan, for help, the

4

defendant would attack Jonathan. The State charged the defendant with criminal threat for the statements about Jonathan, as well as for the assault and battery of Frank.

Sexton argues that his case should have a different outcome because "[u]nlike Hurd's confrontation with Frank, [Sexton] did not re-approach [Barbara] to attack and threaten her. . . . Instead, he left promptly after addressing his frustrations." But Sexton's reliance on the exact facts from *Hurd* is misplaced. The only reason that the *Hurd* defendant's second confrontation was important to his case was because he did not complete the act of criminal threat against Jonathan until the second interaction with his father. See 298 Kan. at 567-68. Sexton, however, did not have to go back and confront Barbara a second time because he completed the act of criminal threat before he left.

Sexton's actions, as well as the circumstantial evidence and inferences that follow, viewed in the light most favorable to the State, persuade us that Sexton intended to place Barbara in fear. We cannot say that no reasonable fact-finder would find Sexton guilty of the crime of criminal threat. Because sufficient evidence supports his conviction, we affirm.