NOT DESIGNATED FOR PUBLICATION

No. 118,612

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARGO LANE STEVENS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed February 8, 2019. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Brock R. Abbey*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., PIERRON and GREEN, JJ.

PER CURIAM: A jury convicted Margo Lane Stevens of possession of methamphetamine. She appeals, arguing that the State introduced insufficient evidence to convict her. For the reasons stated below, we affirm.

Around 1 a.m. on August 25, 2016, Saline County Sheriff's Deputy Matthew Smith pulled over a car in Saline County, Kansas. A woman named Rachel Cox was driving the car. Stevens was in the front passenger seat of the car while another passenger named Allen Cleveland was in the backseat. Deputy Smith called for backup because of

1

the number of people in the car. Officer Micah Bunce of the Salina Police Department and Deputy Craig Norris of the Saline County Sheriff's Office responded. After all three officers arrived, they removed the three people from the car.

Deputy Norris performed a dog sniff search of the car using his K-9, Leroy. Leroy alerted to the odor of a narcotic coming from the front passenger side door. After Leroy alerted, the officers searched the car. Deputy Smith found a small plastic bag with crystalline residue; the bag was between the driver's seat and the center console. Deputy Smith next found a broken glass pipe he believed to be a methamphetamine pipe. The pipe was on the car's floor on the front passenger side near the door and was partially covered by torn carpeting. The officers also found a pink purse belonging to Stevens; the purse did not contain anything illegal. Deputy Norris took pictures after the search, including pictures of the plastic bag, pipe, interior of the vehicle, and Stevens' purse. Deputy Smith took the plastic bag and pipe into custody as evidence.

The officers arrested Stevens on an outstanding warrant from another county. Officer Bunce performed a limited search before putting Stevens in his police car. The search was limited because Stevens is a woman and all of the officers at the stop were men; a woman officer was not available to perform a more thorough search. Stevens was wearing a short, stretchy dress with no pockets and tight boots that went about halfway up her calf. Officer Bunce patted down the waistband area of Stevens' dress and did not find anything. He did not search Stevens' boots. He put Stevens in handcuffs.

Officer Bunce next put Stevens in the backseat of his police car. Stevens was upset and placed her feet in an elevated position on the partition dividing the backseat from the front of the police car. Officer Bunce told Stevens she needed to calm down and put her feet down. After Stevens calmed down, she asked Officer Bunce to remove a lanyard with keys from her neck and give the lanyard to another person so they could take care of her dog. Officer Bunce used his flashlight to illuminate the car and took the lanyard off

2

Stevens. When Officer Bunce was doing this, he noticed a pill on the floor in the backseat of the car. Stevens also noticed the pill and immediately and adamantly denied that it was hers. Officer Bunce then had Stevens remove her boots and shake them out so he could check for drugs and contraband inside. Officer Bunce did not find anything in Stevens' boots. The officers suspected the pill was ecstasy, and Deputy Smith took it into custody as evidence.

The State charged Stevens with possession of ecstasy for the pill and possession of paraphernalia for the pipe. The plastic bag, the broken pipe, and the pill all later tested positive for methamphetamine. After testing showed the pill was methamphetamine and not ecstasy, the State amended the possession charge to possession of methamphetamine. Stevens pleaded not guilty and the case went to a jury trial.

At trial, the State called all three officers to testify. Deputy Smith and Deputy Norris testified about the search of the car and how they located and photographed the pipe and plastic bag. Officer Bunce testified about searching Stevens and putting her in the backseat of the police car. He also testified about finding the pill on the floor when he went to remove her lanyard for her. Officer Bunce described the backseat as "one solid piece of plastic" with a metal cage partition dividing it from the front seat and a solid floor pan ensuring that nothing from the front seat can move to the backseat and vice versa. Officer Bunce further testified that he searched the backseat of the police car at the start of his shift per department policy, and no pill was visible when he conducted this initial search. He testified that no one else had been placed in the backseat of the car between his search at the beginning of his shift and the time he put Stevens in the backseat. He said that police department records showed that no one had been placed in the backseat of the car in the 48 hours preceding Stevens' arrest.

In addition to the officers, the State called an evidence technician to establish the chain of evidence for the pipe, plastic bag, and pill. The State also called the KBI forensic

3

chemist who tested the items for drugs. The State introduced the pipe, plastic bag, and pill as evidence, as well as nine pictures Deputy Norris took of the items and the inside of the car. The State also introduced bodycam footage from Officer Bunce showing his discovery of the pill in the police car. The bodycam video had only visual footage; the audio footage was redacted for trial. Stevens cross-examined the officers but not the evidence technician or the chemist.

Stevens took the stand in her defense. She testified that after the car was pulled over but before the officers approached the car, Allen, the backseat passenger, was shuffling around and moving objects and said, "Oh shit, I got shit on me." She testified that he placed something on the floor between the front passenger seat and the door—which is where the pipe was later found—but she did not look to see what the item was. She testified that she did not have any methamphetamine in the car or on her person.

Stevens contradicted Officer Bunce's claim that she put her feet up on the plexiglass divider in the police car. She argued that she could not have feasibly done so because the space is small, she is 5'7" tall, and she was handcuffed. She also contradicted the State's theory that the pill fell out of her boots while her feet were raised by pointing out that her boots were extremely tight, so tight that they were "suctioned" to her leg and she struggled to get them off when Officer Bunce told her to do so. Finally, she testified that the floorboard of the backseat was dirty and had "clumps of dirt everywhere," and therefore the pill may have been there when Officer Bunce searched the car at the start of his shift and simply been obscured by dirt and thus remained undiscovered.

The trial court instructed the jury on three alternative means by which it could find Stevens guilty of possession of methamphetamine. The jury could find Stevens possessed methamphetamine in the pipe, the pill, and/or the plastic bag. The jury convicted Stevens for possessing methamphetamine in the pill, but it did not find she possessed the pipe or the plastic bag. The jury acquitted Stevens on the possession of paraphernalia charge.

4

*Did the State Introduce Sufficient Evidence to Support Stevens' Conviction?*

On appeal, Stevens argues that the State did not introduce sufficient evidence to support her conviction for possession of methamphetamine. "'When the sufficiency of evidence is challenged in a criminal case, this court reviews the evidence in a light most favorable to the State to determine whether a rational fact-finder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). Appellate courts do not "reweigh evidence, resolve evidentiary conflicts, or make determinations regarding witness credibility" when reviewing a conviction for sufficiency of the evidence. *State v. Dunn*, 304 Kan. 773, 822, 375 P.3d 332 (2016). An appellate court will only reverse a conviction in rare cases where the testimony is so incredible "that no rational factfinder could find the defendant guilty beyond a reasonable doubt." *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983). "'A conviction of even the gravest offense can be based entirely on circumstantial evidence and the inferences fairly deducible therefrom. If an inference is a reasonable one, the jury has the right to make the inference.'" *State v. Brooks*, 298 Kan. 672, 689, 317 P.3d 54 (2014).

Stevens argues that a reasonable jury could not have found beyond a reasonable doubt that she possessed the pill found in the police car. The trial court correctly instructed the jury that "possession" is defined as "having joint or exclusive control over an item with knowledge of and the intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control."

Here, the State presented Officer Bunce's testimony that he thoroughly searched his car for contraband at the start of his shift. Officer Bunce also testified that no one else had been in the backseat of the car between the time Officer Bunce searched for contraband and the time Stevens was detained. Further, Officer Bunce testified that he

5

did not thoroughly search Stevens before putting her in the back of the car because Stevens is a woman and he is a man. Officer Bunce testified that he only patted down Stevens' waistband; he did not conduct a thorough patdown or check Stevens' boots. Officer Bunce also testified that Stevens put her feet up on the plexiglass divider between the front and back of the car. Using this evidence, the State's theory of the offense was that there was no pill in the backseat of the police car until Stevens was placed there, and Stevens had the opportunity to carry the pill with her into the car undetected either in her boots or otherwise on her person because she was not thoroughly searched.

Stevens, on the other hand, testified that Officer Bunce's search could not have been as thorough as he claimed because the floor of the car was dirty. Thus, Stevens argued, the pill may have been present at the beginning of Officer Bunce's shift and he may have simply failed to see the pill because it was obscured by dirt on the floor. Stevens also testified that her dress was pocketless, stretchy, and tight and her boots were so tight they were "suctioned" to her legs. Finally, Stevens denied putting her feet up on the plexiglass, claiming it would have been physically impossible for her to do so because of the small size of the backseat, her 5'7" height, and the fact that she was handcuffed. Stevens' theory of the case was that Officer Bunce either did not search or did not thoroughly search, and the pill could therefore have been in the car before Stevens but remained undiscovered because it was hidden by dirt. Stevens bolstered her argument by claiming that there is no way she could have hidden a pill on her person because her clothing and boots were skintight.

On appeal, Stevens argues that the record lacks sufficient evidence to convict her of possession because the drugs were in a semi-public place—the backseat of a police car. She cites *State v. Cruz*, 15 Kan. App. 2d 476, Syl. ¶ 11, 809 P.2d 1233 (1991): "when a defendant is in nonexclusive possession of the premises upon which drugs are found it cannot be inferred that the defendant knowingly possessed the drugs unless there are other incriminating circumstances linking the defendant to the drugs." In *Cruz*, this court

overturned two men's convictions for possession of cocaine. There, a tenant hired two men to hang curtains in his rental house. While the men were performing the job, a police officer went to the house and found cocaine hidden in a couch in the basement. The men were charged with and convicted of possession of cocaine. The State presented evidence that one of the men was in the basement for "four to five seconds" and the State did not show that the other man entered the basement at all. 15 Kan. App. 2d at 489. This court concluded that the evidence did "not give rise to or justify the inference which allows a finding of guilt beyond a reasonable doubt." 15 Kan. App. 2d at 490. This court found that "all that the State proved" was that the men were hired to hang curtains in the house. 15 Kan. App. 2d at 488.

*Cruz* outlines four incriminating factors a court can consider to determine possession of drugs found in places nonexclusively controlled by the defendant: (1) the defendant's prior sale or use of drugs; (2) the defendant's proximity to where the drugs were found; (3) whether the drugs were in plain view; and (4) incriminating statements or suspicious behavior by the defendant. 15 Kan. App. 2d at 489.

With respect to the first factor, the parties agree that the State did not produce any evidence at trial that Stevens had previously used or sold drugs. As to the second factor, the evidence at trial showed Officer Bunce found the pill near Stevens' feet in the backseat of the police car. While Stevens' attempts to minimize the significance of this proximity, she was undeniably in close proximity to the drugs. The third factor weighs against Stevens because, here, the drugs were in relatively plain view, as the pill was visible on the floor of the car as soon as Officer Bunce shone his flashlight on the area. With respect to the fourth factor, the parties agree that Stevens did not make any incriminating statements here. The State notes that Officer Bunce testified that Stevens contorted her body around in the backseat of the car prior to the discovery of the pill, and was "upset" both before and after Officer Bunce found the pill. The State does not characterize this behavior as "suspicious." In sum, the State argues that Stevens'

7

proximity to the pill and the fact that the pill was in plain sight together establish "more than mere presence and access" to the drug. See 15 Kan. App. 2d at 489.

The State is correct. This case is distinguishable from *Cruz* because here Officer Bunce testified that he thoroughly searched the car at the start of his shift and no one entered the backseat of the car until Stevens was detained. Officer Bunce also testified that the pill was not present in the car until after Stevens was detained in the backseat. This testimony provides a strong causal and temporal link between Stevens and the pill. In *Cruz*, there was no testimony that the basement was searched for drugs before the men's presence in the house and that drugs did not appear in the basement until after the men went to the house. *Cruz* therefore lacked testimony establishing the strong temporal and causal link present here.

The remainder of Stevens' arguments on appeal amounts to an invitation that this court reweigh the evidence. For example, she argues that "[i]f the State is advancing an argument that Bunce's search of Stevens failed to uncover a pill she had on her person, then it is completely plausible that Bunce's search of his patrol vehicle could have failed to uncover a pill that was present in the car." While Stevens is correct that this is plausible, the State's theory is also plausible and is supported by Officer Bunce's testimony that he searched the car and that his prearrest search of Stevens was not thorough, thus providing the opportunity for Stevens to bring the pill with her into the car and then either willfully or accidentally drop the pill.

Stevens also argues that "there is no reason to believe that she could have been concealing a pill in her dress" because the dress was short and tight and did not have pockets. Further, Stevens argues the fact that Stevens requested Officer Bunce get her lanyard makes it "much more likely that she was not responsible for the pill found in the car and was not even aware of its presence" because it would be irrational for her to draw Officer Bunce's attention to the backseat if she had discarded the pill in the car.

8

Stevens is asking this court to reweigh the evidence in light of her favored theories and arguments. This court cannot reweigh evidence while conducting a sufficiency of the evidence review. *Dunn*, 304 Kan. at 822. Here, the jury evidently credited Officer Bunce's testimony that there were not any drugs in the car until Stevens was placed in the backseat. The jury also likely credited Officer Bunce's testimony that his predetention search of Stevens was not thorough. While Stevens is correct that her dress was short and stretchy and the bodycam footage supports this fact, this alone does not foreclose the possibility that she brought the pill into the car on her person. A reasonable jury could conclude that Stevens had the pill on her person somewhere other than the waistband area that Officer Bunce searched. Stevens herself also conceded that a pill could fit in her boot although she testified that if a pill was in her boot, it would not have fallen out because the boots were tight and she couldn't have used her hands to work it out of her boot because she was handcuffed. A reasonable jury could find Stevens guilty of possession of methamphetamine beyond a reasonable doubt on the basis of the State's evidence and reasonable inferences derived from that evidence. We therefore affirm Stevens' conviction.

Affirmed.