NOT DESIGNATED FOR PUBLICATION

No. 119,482

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID BRYAN CHAPMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed June 28, 2019. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and POWELL, JJ.

PER CURIAM: David Bryan Chapman was stopped for a traffic violation at about 2 a.m. while riding his bicycle. On appeal, he challenges the sufficiency of the evidence to convict him for possession of methamphetamine. After stopping Chapman, the police officer discovered an outstanding warrant and arrested him. Chapman then told the officer he had a pipe in his pocket. Upon examining the pipe, the officer believed it was used to smoke methamphetamine. At the conclusion of his bench trial, the district court found Chapman guilty of possession of methamphetamine and possession of drug paraphernalia. Chapman does not challenge his conviction for possession of drug

1

paraphernalia on appeal. We find the evidence admitted for possession of methamphetamine was sufficient. We affirm.

FACTS

At trial, Officer Hannah Brown of the Hutchinson Police Department testified she stopped Chapman for a traffic violation on his bicycle at about 2 a.m. on July 13, 2017. Upon contacting Chapman, Brown ran a warrant check, discovered a warrant for his arrest, and arrested him. Chapman then told Brown he had a pipe in his pocket. After finding and examining the pipe, Brown concluded, based on her training and experience, the pipe was used for smoking methamphetamine. The pipe contained residue which Brown believed was from smoking methamphetamine. Chapman told Brown he had just left a friend's house where he was smoking marijuana and he was taking the pipe to his own house to smoke more marijuana. Hutchinson police later sent the pipe to the KBI and it tested positive for the presence of methamphetamine. Additional testing showed there was no marijuana residue in the pipe. The State charged Chapman with possession of methamphetamine and drug paraphernalia.

Courtney Feldbauer, the forensic chemist from the KBI who tested the pipe, also testified at trial. After testifying to analyzing over 3,500 samples throughout her career, of which over 1,000 were for methamphetamine, the district court deemed her an expert. Feldbauer stated the residue from Chapman's pipe tested positive for methamphetamine. She also tested the pipe for marijuana and concluded the pipe had never been used for smoking marijuana. In her career, Feldbauer did not recall ever having found marijuana in a pipe like the one found on Chapman.

Chapman took the stand in his defense. He testified he smoked marijuana at a friend's house from a pipe like the one in question. Describing smoking marijuana from this type of pipe, he said: "You may get ashes in your mouth." He said he ground

marijuana up and smoked it through the small hole. When asked to explain how the KBI did not find marijuana in the pipe, he said: "I don't know. We smoked some out of that pipe earlier and I was on my way home. That's the only reason I had that pipe." He then stated he was unsure whether the pipe he had on him at the time of his arrest was the same one he had used to smoke marijuana at his friend's house. Chapman testified he took a pipe from his friend's house because he did not have any pipes at home and he wanted to smoke more marijuana at his house. Chapman admitted to having used methamphetamine before but stated he had not used it in the previous 21 months. He testified to knowing the difference between a methamphetamine pipe and marijuana pipe, and he asserted the pipe in question could be used for either purpose.

On cross-examination, Chapman said he had a clear recollection of the night in question. He reiterated he grabbed the pipe from his friend's house so he could smoke more marijuana at home. When asked if he knew the pipe was drug paraphernalia when he took it from his friend's house, he responded: "No. I thought it was an aqua filter." He said he was aware of the pipe in his pocket while carrying it and he asserted he did not notice the residue on the pipe. He contended the pipe was for marijuana use and not methamphetamine.

The district court found Chapman guilty. The district court stated:

"I am finding Mr. Chapman guilty. . . . Mr. Chapman possessed methamphetamine and the evidence to me is sufficient to find beyond a reasonable doubt that the pipe contained methamphetamine residue and it was found on Mr. Chapman; in his pocket in fact and he didn't deny he knew the pipe was in his pocket. The offense calls for knowingly or recklessly possessing a controlled substance and I believe the evidence is clearly sufficient to find [Chapman] guilty and also of the offense of paraphernalia."

ANALYSIS

Chapman now argues the State's evidence at trial was insufficient to support the charge of possession of methamphetamine.

> "'When sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after reviewing all the evidence in a light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations.' [Citation omitted.]" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

It is only in rare cases where the testimony is so incredible that no reasonable fact-finder could find guilt beyond a reasonable doubt that a guilty verdict will be reversed. *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983). To support his contention, Chapman argues the State failed to provide any evidence to support the necessary mens rea as found in his complaint. Count I of the complaint states:

> "That on or about the 13th day of July, 2017, in Reno County, Kansas, DAVID B CHAPMAN, then and there being present, did unlawfully, feloniously, and intentionally, knowingly or *recklessly* possess a controlled substance, to-wit: Methamphetamine, a Schedule II controlled substance as designated in K.S.A. 65-4107(d)(3) and amendments thereto." (Emphasis added.)

In finding Chapman guilty, the district court addressed the mens rea element saying: "The offense calls for knowingly or recklessly possessing a controlled substance and I believe the evidence is clearly sufficient to find [Chapman] guilty." Chapman does not contest his possession of the pipe which contained methamphetamine residue, but instead he concentrates on whether the State presented evidence supporting the mens rea of "reckless."

"A person acts 'recklessly' or is 'reckless' when such person consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." K.S.A. 2018 Supp. 21-5202(j). Chapman explains the application of this definition on appeal by saying: "[In] order to act recklessly in the context of this case Mr. Chapman had to possess the pipe while consciously disregarding a substantial and unjustifiable risk that there was methamphetamine contained in the residue of the pipe in his possession." Chapman correctly applies the mens rea requirement of reckless to his particular set of facts, but he wrongly concludes no reasonable fact-finder could have found him guilty under this standard.

The State produced sufficient evidence to enable a reasonable fact-finder to find Chapman recklessly possessed methamphetamine. Both Brown and Feldbauer testified the pipe seized was used to smoke methamphetamine. Based on Brown's training and experience, she believed the pipe to be designed for smoking methamphetamine and not marijuana because its physical difference in shape would make smoking leafy substances such as marijuana difficult. She noticed residue on the pipe which she believed to be from smoking methamphetamine. As an expert, Feldbauer testified the residue in the pipe was from methamphetamine and not marijuana. In her career, which entailed testing well over 1,000 items for marijuana, she did not recall testing a pipe like Chapman's for marijuana. Feldbauer tested Chapman's pipe for marijuana using a method which, when combined with another test, provides 100 percent accurate results, and she further testified the pipe had never been used for smoking marijuana.

Chapman provided conflicting testimony in his defense. He first testified he smoked marijuana from a pipe that looked just like the one seized from him. When asked how he smoked marijuana out of it, he described the method and said: "You may get ashes in your mouth." When asked to explain how the KBI did not find any marijuana in

5

the pipe in question he said: "I don't know. We smoked some out of that pipe earlier and I was on my way home." He testified he did not own the pipe and had merely borrowed it from a friend in order to smoke more marijuana at home.

Chapman testified he had used methamphetamine before, but he had been "clean" for 21 months as of the time of his trial. He claimed to know the difference between a methamphetamine pipe and a marijuana pipe, and the pipe in question could be used to smoke either substance. Later, while being cross-examined he was asked if he knew the pipe was drug paraphernalia when he took it from his friend's house, and he stated he thought the pipe was an aqua filter which he planned to use for smoking marijuana. Chapman testified he did not know there was methamphetamine residue inside the pipe.

Applying the recklessness standard found in K.S.A. 2018 Supp. 21-5202(j) to Chapman's situation supports the district court's finding of guilt. The testimony of both Brown and Feldbauer provided substantial testimony, which when viewed in a light most favorable to the State could convince a rational fact-finder the pipe was used to smoke methamphetamine and contained methamphetamine residue. Chapman knew he had the pipe on his person when he was arrested, and he conceded it looked like the pipe he used earlier in the evening. A rational fact-finder could conclude a pipe hastily picked up might contain methamphetamine residue, and the act of possessing such a pipe presents a substantial and unjustifiable risk of possessing methamphetamine which Chapman disregarded.

Chapman's real request here is for us to reweigh the evidence between his testimony and the testimony of the State's witnesses. A point we cannot and will not do. See *Chandler*, 307 Kan. at 668.

Affirmed.