NOT DESIGNATED FOR PUBLICATION

No. 118,556

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF SALINA,
*Appellee*,

v.

WILLIAM MILLER IV,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed November 9, 2018.
Affirmed.

*Corinne Petrik*, of Kansas Legal Services, of Salina, for appellant.

*Christina Trocheck*, city prosecutor, for appellee.

Before STANDRIDGE, P.J., MALONE, J., and STUTZMAN, S.J.

PER CURIAM: William Miller IV was convicted of domestic battery in Salina Municipal Court and appealed the conviction to the Saline County District Court. In district court, a jury convicted Miller of domestic battery as charged. The district court sentenced Miller to 180 days in jail to be suspended after Miller served 60 days. Based on Miller's conduct during the proceedings, the district court also found Miller in direct contempt and imposed an additional 20 days in jail. Miller appeals from his conviction and the contempt order.

1

Miller and Ladonna Hutchinson lived together in an apartment located in Salina, Kansas. The two were not married but had been in a romantic relationship for over 20 years. Hutchinson worked at a Taco Bell restaurant across the street from their apartment.

One evening in October 2016, two of Hutchinson's coworkers, Haleigh Andreasen and Kaitlyne Rowson, invited Hutchinson to go eat with them at an IHOP restaurant after Andreasen finished her closing shift at Taco Bell. Hutchinson agreed to go, and at around midnight she received a text message that the two women were waiting to pick her up outside of her apartment. Miller was sleeping at the time, but Hutchinson woke him up to ask whether he cared if she went to IHOP with her friends. Miller indicated he did not object, so Hutchinson left with Andreasen and Rowson. The three women went to IHOP as planned and hung out for a few hours.

Hutchinson returned to her apartment at approximately 2:30 a.m. to find Miller awake and waiting for her. Miller asked Hutchinson where she had been. Hutchinson told him she had been at IHOP with her work friends and reminded him that she had woken him up to ask permission before she left. Miller said he suspected Hutchinson of cheating on him with another man, particularly because he thought that Hutchinson's outfit—a halter top, "see through" pants, and flip flops—was too revealing. As the two began to argue, Miller attempted to grab Hutchinson's phone out of her hand. In doing so, Miller struck Hutchinson in the face, although it is unclear whether Miller struck her with his hand or if his attempt to snatch the phone caused the phone to make contact with Hutchinson's face. Hutchinson cried in pain as her face started to bleed. Although Miller acknowledged and apologized for hitting her, he continued to accuse Hutchinson of cheating on him. Hutchinson ultimately was forced to take a week off from work because her eye was swollen shut to the point that she could not see. When she did return to work,

Andreasen and Rowson both encouraged Hutchinson to contact the police, but Hutchinson told the women that she did not want to pursue the matter.

A few weeks after the incident, Miller showed up at the Taco Bell while Hutchinson was working. As he was walking through the parking lot, a Taco Bell employee called Miller a woman beater. Miller went into the restaurant and asked Hutchinson what she had been telling her coworkers about him. Hutchinson refused to engage in a conversation with Miller, telling him that they could talk about it later. Miller left the restaurant about five minutes later.

After Miller left Taco Bell, Hutchinson's coworkers called the police. Two officers from the Salina Police Department responded to the call and interviewed Hutchinson. Hutchinson told the officers about the incident in which Miller struck her in the face. Hutchinson did not describe the incident as an accident but said that she did not believe Miller intended to hit her.

Following their conversation with Hutchinson, the officers drove to Miller's apartment to confront him about Hutchinson's allegations. Miller admitted to the officers that he had hit Hutchinson, unintentionally, while the two were having an argument about their relationship. After this admission, the officers arrested Miller. Miller was read his *Miranda* rights but agreed to continue speaking with the officers. During the course of that conversation, Miller said he thought Hutchinson was cheating on him and when he accused her of doing so, the two began to argue. Miller went on to admit that he hit Hutchinson but reiterated that it was unintentional.

The City of Salina charged Miller with one count of domestic battery. A municipal court judge found Miller guilty and sentenced him to 180 days in jail, suspended after serving 5 days, and fined him $200 plus court costs. Miller timely appealed to the Saline

County District Court, where a jury ultimately found Miller guilty of domestic battery. The jury also found that Miller's domestic battery was an act of domestic violence.

While testifying before the district court, Miller was often rude, disruptive, and hostile. The judge told Miller on multiple occasions that he needed to wait until questions were asked before giving an answer. Other times, Miller refused to answer questions or argued with the attorney asking the questions. The judge repeatedly admonished Miller that he was required to answer a question when asked and was not permitted to argue with counsel. At one point, the district court found it necessary to excuse the jury from the courtroom to warn Miller that the court would not tolerate his disruptive and argumentative behavior. During sentencing, Miller engaged in additional disruptive behavior and ignored admonishments from the district court to calm down. Based on Miller's conduct in the courtroom, the district court found Miller in direct contempt of court. The district court imposed an additional 20 days in jail for the contemptuous behavior.

ANALYSIS

Miller raises two issues on appeal. First, he argues there was insufficient evidence presented at trial to support his conviction of domestic battery. Second, he argues the district court erred by failing to comply with the statutory requirements of K.S.A. 20-1203 when finding him in direct contempt. We address each of Miller's issues in turn.

1. *Sufficiency of the evidence*

Miller claims there was insufficient evidence presented at trial to support a conviction for domestic battery.

> "'When sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after reviewing all the evidence in a light most favorable to the

4

prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations.' [Citation omitted.]" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

It is only in rare cases, where the testimony is so incredible that no reasonable fact-finder could find guilt beyond a reasonable doubt, that a guilty verdict will be reversed. *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983). A verdict may be supported by circumstantial evidence if such evidence provides a basis for a reasonable inference by the fact-finder regarding the fact in issue. Circumstantial evidence, in order to be sufficient, need not exclude every other reasonable conclusion. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016). Indeed, even the most serious offenses can be based entirely on circumstantial evidence. 304 Kan. at 25; but see *State v. Richardson*, 289 Kan. 118, 127, 209 P.3d 696 (2009) ("'[T]he circumstances in question must themselves be proved and cannot be inferred or presumed from other circumstances.'").

Miller was charged with one count of domestic battery in violation of Salina Municipal Code 25-51.1(a)(1) (2006). That ordinance, in relevant part, defined domestic battery as "[i]ntentionally or recklessly causing bodily harm by a family or household member against a family or household member." Salina Municipal Code 25-51.1(a)(1). Notably, the City amended its complaint on the morning of trial by striking the word "intentionally" from the charge to specifically allege that Miller violated the ordinance by acting recklessly. "A person acts 'recklessly' or is 'reckless,' when such person consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." K.S.A. 2017 Supp. 21-5202(j).

On appeal, Miller argues the evidence presented at trial does not support the jury's finding of reckless behavior: that Miller consciously disregarded a substantial and unjustifiable risk of bodily harm to Hutchinson. Miller further argues that even if he had disregarded such a risk, his disregard did not grossly deviate from the standard of care a reasonable person would have exercised in that situation. Based on the undisputed evidence presented at trial as set forth below, we are not persuaded by Miller's arguments.

When Hutchinson arrived home on the night of the incident, Miller accused her of cheating on him because she was wearing what he considered to be a revealing outfit. Miller then escalated that argument from a verbal argument to a physical altercation when he attempted to forcibly grab Hutchinson's phone out of her hand. In doing so, Miller struck Hutchinson in the face, either with his hand or with the phone, which caused Hutchinson significant injury. Miller's actions in escalating the argument from a verbal to a physical confrontation constituted a complete and conscious disregard of a substantial and unjustifiable risk that bodily harm would occur. And, by disregarding the risk of bodily harm, Miller's actions constituted a gross deviation from the standard of care which a reasonable person would exercise in a similar situation.

But Miller claims he could not have consciously disregarded the risk that harm could occur when he forcibly grabbed Hutchinson's phone because he did not realize that he hit her until after the fact. Miller's argument, however, conflates intentional and knowing conduct with recklessness. See K.S.A. 2017 Supp. 21-5202(h)-(j) (defining culpable mental states of intentionally, knowingly, and recklessly); see also *State v. Johnson*, 46 Kan. App. 2d 870, 880, 265 P.3d 585 (2011) ("under [a previous version of K.S.A. 2017 Supp. 21-5202,] criminal conduct may be *either* intentional *or* reckless; it cannot simultaneously be both"). How or when Miller realized that he had hit Hutchinson is immaterial to our analysis. The material element is that Miller consciously disregarded

6

the unjustifiable risk that he could hit Hutchinson when he attempted to forcibly grab her phone out of her hand.

Reviewing the evidence in the light most favorable to the prosecution, a rational fact-finder could have found beyond a reasonable doubt that Miller's actions were reckless. Accordingly, we find sufficient evidence supports Miller's conviction for reckless domestic battery.

2. *Contempt*

Miller argues the court's order of contempt should be vacated because the district court failed to strictly comply with the statutory requirements in its finding of direct contempt. Direct contempt is governed by K.S.A. 20-1203, which states:

> "That a direct contempt may be punished summarily, without written accusation against the person arraigned, but if the court or judge in chambers shall adjudge him guilty thereof a judgment shall be entered of record, in which shall be specified the conduct constituting such contempt, with a statement of whatever defense or extenuation the accused offered thereto, and the sentence of the court thereon."

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). K.S.A. 20-1203 is jurisdictional. *Harsch v. Miller*, 288 Kan. 280, 295, 200 P.3d 467 (2009). Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *Frazier v. Goudschaal*, 296 Kan. 730, 743, 295 P.3d 542 (2013). Direct contempt orders that do not specify the conduct constituting the contempt or state the defense offered by the accused are void. *Harsch*, 288 Kan. at 295.

In this case, Miller argues that the direct contempt order against him is void because the journal entry of record in this case fails to record any defense or extenuation

the accused offered for his conduct. But as the transcript of proceedings in this matter reflects, Miller never offered any sort of defense or extenuating circumstances to explain his disruptive courtroom behavior. As such, the district court did not err when it failed to include the nonexistent defenses or extenuations in its journal entry of record. See *City of Williamsburg v. Clark*, No. 115,291, 2016 WL 5171918, at *2-5 (Kan. App. 2016) (unpublished opinion) (addressing exact same issue and holding that when defendant fails to offer any sort of defense or extenuation for his or her disruptive courtroom behavior, written order of direct contempt that does not include or make reference to those nonexistent defenses or extenuations complies with K.S.A. 20-1203).

Affirmed.