NOT DESIGNATED FOR PUBLICATION

No. 118,708

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARY CHRISTINE SCHIERKOLK-AMES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; JEAN M. SCHMIDT, judge. Opinion filed December 14, 2018. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM: After a bench trial, the district court found Mary Christine Schierkolk-Ames guilty of the domestic battery of her son, Dakota Schierkolk. Mary appeals, arguing the evidence was not sufficient to support her conviction. Finding no error, we affirm.

In May 2017, Dakota was living with Mary. On the day of the incident, Dakota was in the front yard of their home with his friend, Olivia McGinnis, having a campfire. Neither of them had been drinking. Mary returned with a friend, James, from Terry's Bar

and Grill. Mary smelled like alcohol and seemed drunk. She told Dakota to put out the fire, which he did. Everyone then went inside.

Dakota was worried about how James was going to get home because both he and Mary had been drinking. He offered to call a cab for James, which upset Mary. She told Dakota she wanted to give James a ride home. James ended up calling a cab for himself, and he left.

Mary "[got] heated up" after James left. She told Dakota, "[Y]ou're a fucking punk." She walked up to him and smacked a Bluetooth speaker out of his hands. She pushed him twice in the chest and tried to wrap her hands around his throat. She was not able to get to his neck, though, because McGinnis stepped in to separate the two. Mary pushed McGinnis. Dakota then called the police, and he and McGinnis waited outside for them to arrive.

Officer Trey C. McCluskey of the Topeka Police Department responded to the call. According to Officer McCluskey, Dakota appeared shaken. He told McCluskey he had gotten into a physical fight with Mary, and she had pushed him in a rude way. McGinnis confirmed his story. Mary denied she had been in a fight with Dakota.

The State charged Mary with misdemeanor domestic battery. The case went to a bench trial. Dakota, McGinnis, and Officer McCluskey testified for the State. Mary also testified in her own defense.

Mary testified she was sitting on the couch talking to McGinnis when Dakota entered the house. She said Dakota appeared hostile because he was pacing when she returned from Terry's, and she felt threatened. As Mary got up to go to the bathroom, Dakota "mouthed off something." Then McGinnis got in between them, put her hands on Mary's arm, and told them to stop arguing.

2

The district court found Mary guilty. The court explained the case came down to credibility. Dakota and McGinnis were more credible because they could articulate details in a matching chronological order. They had no motive to lie, and neither of them had been drinking that night. Mary, on the other hand, had obviously been drinking, which would affect her memory of the night. The court sentenced Mary to 6 months in jail. Mary appeals.

On appeal, Mary argues the evidence was not sufficient to support her conviction. "'When sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after reviewing all the evidence in a light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt.' [Citation omitted.]" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018). We do not reweigh evidence, resolve evidentiary conflicts, or redetermine witness credibility. 307 Kan. at 668. Only in the rare cases in which testimony is so incredible that no reasonable fact-finder could find guilt beyond a reasonable doubt will we reverse a guilty verdict. *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983).

To support Mary's conviction, the State had to prove Mary either (1) knowingly or recklessly caused bodily harm to a family or household member; or (2) knowingly caused physical contact with a family or household member in a rude, insulting, or angry manner. See K.S.A. 2017 Supp. 21-5414(a)(1) and (2).

The parties do not dispute that Mary is Dakota's mother, and they were living together at the time of the battery. Dakota and McGinnis both testified that Mary pushed Dakota, and Dakota said she did so in an angry manner. Dakota also testified that at the time of the battery, his mother was angry at him.

This case came down to a credibility determination, and the district court found Dakota and McGinnis more credible than Mary. We do not redetermine witness credibility. And Dakota's and McGinnis's testimonies were not so incredible that no reasonable fact-finder could have found Mary guilty. Looking at the evidence in a light most favorable to the State, sufficient evidence supports Mary's conviction.

Mary argues she had a fight with Dakota, but it did not rise to the level of a battery. She notes that Dakota did not suffer any injuries as a result of the battery. But causing bodily harm is not the only way to commit a battery. The evidence shows Mary made physical contact with Dakota in a rude or angry manner.

Mary also argues she and Dakota both testified he started the fight. But Dakota only testified that he was concerned about how James would get home and he would not let Mary drive. He did not testify that he "confronted [Mary] in a hostile manner" as she claims. And as previously discussed, the district court found Mary was not credible.

Affirmed.